EMMA A. TAYLOR, as Executrix of ROYAL A. JOHNSON, Deceased, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

Insurance (life) — part payment of premium, with note for balance thereof — when insurance extended thereby until death of insured — reversal of judgment entered on one of two causes of action — when such reversal does not operate as a bar, upon a a new trial, to either cause of action.

1. The owner of a life policy in defendant company gave a note for the premium thereon, which contained this clause: "This note is given in part payment of the premium due Dec. 20th, 1898, on the above policy, with the understanding that all claims to further insurance, and all benefits whatever which full payment in cash of said premium would have secured, shall become immediately void and be forfeited to the New York Life Insurance Company if this note is not paid at maturity, except as otherwise provided in the policy itself." And at the same time the defendant gave to the insured a receipt which contained the following provision: "Received from the owner of Policy No. 709973 $76.00 in cash, and his note at six months for $228.00, which continues said policy in force until the twentieth day of December, 1899, at noon, in accordance with its terms and conditions, provided the above note is paid at maturity." When said note became due the insured paid to the defendant a further sum of $76 in cash and the interest on said note, and gave to the defendant another note similar in form to the one quoted, which was accepted by it, and received a receipt in like form. The last-mentioned note was not paid when due, and it was subsequently canceled, but retained by the defendant. *Held*, that the statute (Insurance Law, § 88; Cons. Laws, chap. 28), policy and supplementary agreement contained in the notes and receipts should be construed together; that the intention of the insured to forfeit the moneys paid unless he paid the balance of the note at maturity is not clearly shown; that the reserve on the policy equitably belongs to the insured, and properly computed and applied, together with the sums paid as above, continued the policy until after the date of his death. (*Holly* v. *Metropolitan Life Ins. Co.*, 105 N. Y. 437, distinguished.)

2. In the action against the life insurance company the complaint alleged two causes of action, one on each of two policies. Judgment

was directed for the plaintiff and the amount thereof was computed by the court upon one of the policies only. No judgment of any kind was entered in favor of defendant. Upon an appeal the judgment for plaintiff was affirmed by the Appellate Division but reversed by the Court of Appeals. *Held,* that when the judgment against the defendant, obtained in the first trial, was reversed it left the parties with their rights wholly unaffected by any previous adjudication; that there was no judgment in favor of the defendant upon either cause of action, or any determination amounting to an adjudication which is a bar upon the new trial, to either cause of action alleged in the complaint.

*Taylor* v. *N. Y. Life Ins. Co.*, 153 App. Div. 940, affirmed.

(Argued May 7, 1913; decided June 3, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 11, 1912, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James H. McIntosh, Jerome L. Cheney* and *Frank J. O'Neill* for appellant. The court had no jurisdiction to try the case because the court had formerly tried it and found against the plaintiff on her cause of action based on this policy, to which finding and judgment neither party ever excepted, nor were such findings ever vacated or set aside. (*Townsend* v. *Graves*, 3 Paige, 453; *Bell* v. *Holfer*, 1 Duer, 58; *Mouret* v. *Merts*, 127 N. Y. 151; *Cox* v. *Stokes*, 156 N. Y. 491; *Bridgeford* v. *Crocker*, 3 T. & C. 273; *Kelsey* v. *Western*, 2 N. Y. 500; *Robertson* v. *Bullions*, 11 N. Y. 243; *Glassner* v. *Wheaton*, 2 E. D. Smith, 352; *Beech* v. *Raiment*, 2 E. D. Smith, 496; *Matter of Marklin*, 13 Daly, 105.) The payment of premiums is essential to insurance. There can be no insurance more than seven years after the lapse of a policy for the non-payment of premium, unless the insured paid the company money

enough to purchase said insurance and his contract or the law entitles him to it. (*Holly* v. *Met. Life Ins. Co.*, 105 N. Y. 437; *N. Y. Life Ins. Co.* v. *Stratham*, 93 U. S. 24; *Klein* v. *N. Y. Life Ins. Co.*, 104 U. S. 88; *Kellmer* v. *Mut. Life Ins. Co.*, 43 Fed. Rep. 623; *Thompson* v. *Knickerbocker Life Ins. Co.*, 104 U. S. 252; *Imperial Life Ins. Co.* v. *Glass*, 96 Ala. 568; *Knickerbocker Life Ins. Co.* v. *Dietz*, 52 Fed. Rep. 16.) The note was not payment, it was merely an extension of the time for paying the premium, as was the like note in the *Holly* case. (*Holly* v. *Met. Life Ins. Co.*, 105 N. Y. 437; *Tobey* v. *Barber*, 5 Johns, 68; *Parrott* v. *Colby*, 7 Hun, 55; 71 N. Y. 597; *Jagger Iron Co.* v. *Walker*, 76 N. Y. 521; *First Nat. Bank* v. *Weston*, 25 App. Div. 414; *Schmidt* v. *Livingston*, 16 Misc. Rep. 554; *Crane* v. *McDonald*, 45 Barb. 354; *Baker* v. *U. M. Ins. Co.*, 43 N. Y. 283; *Iles* v. *M. R. L. Ins. Co.*, 50 Wash. 49; *Sexton* v. *G. L. Ins. Co.*, 157 N. C. 142.) If Johnson was insured when he died he was insured either under the policy or under the statute. He could not be insured under both because the statute required him to surrender the policy in order to get the benefit of the statute. He was not insured under either. (*Attorney-General* v. *C. L. Ins. Co.*, 93 N. Y. 70.)

*Charles E. Spencer* for respondent. The proceedings upon the first trial of this action do not bar a recovery upon the second cause of action herein. (*De Forest* v. *Andrews*, 27 Misc. Rep. 145; *Lorillard* v. *Clyde*, 99 N. Y. 196; *Barber* v. *Ellingwood*, 137 App. Div. 704; *Springer* v. *Bien*, 128 N. Y. 102; *Loeb* v. *Willis*, 100 N. Y. 231; *Smith* v. *Franklin*, 77 N. Y. 414; *Wood* v. *Jackson*, 8 Wend. 9; *Hancock* v. *Flynn*, 28 N. Y. S. R. 354.) The reserve on a policy of insurance equitably belongs to the insured and the law does not favor its forfeiture. No hardship is imposed upon the insurance company by enforcing its agreement to apply the reserve to purchase

term insurance. . (*U. S. Life Ins. Co.* v. *Spinks*, 13 L. R. A. [N. S.] 1053; *Butler* v. *Supreme Council*, 105 App. Div. 164.) As no demand was made that the policy be indorsed for a reduced amount of paid-up insurance by virtue of its non-forfeiture provisions, the policy was automatically continued for its full amount of $5,000, for a term to be ascertained pursuant to said non-forfeiture provisions. (*Ferguson* v. *U. M. L. Ins. Co.*, 187 Mass. 8; *Taylor* v. *N. Y. L. Ins. Co.*, 197 N. Y. 324.) The table of guarantees which was a part of the non-forfeiture provisions of the policy specified the exact term of continuance of the insurance in cases where there was no indebtedness against the policy; but if an indebtedness existed, it provided that the term of continuance should be computed under the Insurance Law of New York, chapter 690 of the Laws of 1892. (*Sattler* v. *Hallock*, 160 N. Y. 291; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Maloney* v. *Iroquois Brewing Co.*, 173 N. Y. 303.) The note constituted an indebtedness against the policy within the meaning of the words "provided there is no indebtedness against this policy," and the term of continued insurance provided for in the non-forfeiture provisions of the policy must, therefore, be determined by computation under section 88 of chapter 690 of the Laws of 1892. (*Taylor* v. *N. Y. L. Ins. Co.*, 197 N. Y. 330.) The finding of fact made by the trial court that "the reserve on policy No. 709,973 on September 20, 1899, computed according to the American Experience Table of Mortality at the rate of four and a half per cent per annum, amounted to $752.09," is fully supported by the evidence. (*Manhattan Co.* v. *Koldenberg*, 165 N. Y. 1; *O'Grady* v. *N. Y. Mut. L. S. Ins. Co.*, 16 App. Div. 567.)

CHASE, J. On December 20, 1895, the defendant issued to the plaintiff's testator two policies of insurance, of $5,000 each, numbered 709,973 and 709,974. The annual premium on each was $304, to be paid yearly in advance,

" until fifteen full years' premiums shall have been paid."
After paying three full years' premiums on each of said
policies, and after making certain provisions as herein-
after mentioned for the fourth year's premiums, and on
October 21, 1906, he died. The beneficiary named in
said policies having died prior to the death of the insured,
the plaintiff, as his personal representative, brought an
action against the defendant upon said policies. The
action was tried before the court and a jury, but after a
stipulation by the parties that the court should deter-
mine the issues, a verdict was directed for the plaintiff
for $4,856.92. Judgment was entered upon such ver-
dict. It appears by an informal memorandum filed by
the judge presiding at the trial that the amount for which
the verdict was directed was computed by him solely upon
policy No. 709,974.

The complaint alleged two causes of action, one on each
of said policies. No motion was made to dismiss the
plaintiff's complaint as to either of said causes of action,
and the judgment as entered was based wholly upon the
verdict of the jury as directed by the court. No judg-
ment of any kind was entered at the first trial in favor of
the defendant. An appeal was taken by the defendant
from the judgment entered against it to the Appellate
Division, where the judgment was unanimously affirmed.
(*Taylor* v. *N. Y. Life Ins. Co.*, 131 App. Div. 922.)
An appeal was then taken by the defendant to this court,
where the judgment of the Appellate Division was reversed
and a new trial granted. (*Taylor* v. *N. Y. Life Ins. Co.*,
197 N. Y. 324.) At the new trial plaintiff offered both of
said policies and also testimony relating to each in evi-
dence. The defendant insisted that the plaintiff should
not be allowed to re-try the action so far as it is based
upon policy No. 709,973, because, as it alleged, the judg-
ment rendered in favor of the plaintiff upon the first
trial was not in any way based upon such policy. The
defendant's contention was overruled and judgment was

3

rendered against the plaintiff upon the cause of action based upon policy No. 709,973 and in favor of the plaintiff upon the other cause of action for an amount computed in accordance with the opinion written by this court on the appeal from the first judgment against the defendant.

An appeal was taken to the Appellate Division by the plaintiff from that part of the judgment dismissing the complaint as to the cause of action on policy No. 709,973 where the judgment of the trial court, so far as appealed from, was reversed, and a new trial granted as to the cause of action affected by the appeal. (*Taylor* v. *N. Y. Life Ins. Co.*, 148 App. Div. 815.) On the third trial judgment was rendered in favor of the plaintiff against the defendant on such cause of action. An appeal was taken therefrom to the Appellate Division, where the judgment was affirmed. (*Taylor* v. *N. Y. Life Ins Co.*, 153 App. Div. 940.)

The judgment entered upon the verdict obtained at the first trial was a general judgment for the plaintiff. There was no finding or judgment for the defendant on the second cause of action. When the judgment against the defendant was reversed it left the parties with their rights wholly unaffected by any previous adjudication. The issues were shown by the pleadings. There was no judgment in favor of the defendant upon either cause of action or any determination amounting to an adjudication which the defendant could insist upon in bar of either cause of action alleged in the complaint.

The other questions involved on this appeal were fully considered on the former appeal in this court, and the decision therein is controlling unless the facts relating to the payment of the fourth year's premium on the policy now under consideration require a different determination. The two policies held by the plaintiff's intestate were alike in form and in the terms thereof as quoted in the opinion of this court on that appeal.

When the fourth year's premium became due on policy No. 709,974 the insured gave a note quoted in the opinion mentioned, and received therefor a receipt in the usual form for the premium due that day. The insured wholly failed to pay such note.

It is conceded that the payment of three full years' premiums on policy No. 709,973 now under consideration, gave to the insured extended insurance as provided by the policy and the statute. It is also conceded that the reserve after such payments extended the policy for its full amount of $5,000 to October 20, 1906. The insured died on the following day. The question involved on this appeal is whether the policy was further extended for at least such one day by what was done toward paying the fourth year's premium.

On the day that the fourth year's premium became due the insured paid to the defendant $76 in cash and delivered to the defendant a note which was accepted by it, of which the following is a copy:

"Pol. 709973.        TUCSON, ARIZONA, 12/20, 1898.

"Without grace, six months after date I promise to pay to the order of the New York Life Insurance Company, Two hundred and twenty-eight and no/100 dollars at Phœnix National Bank, Phœnix, Arizona. Value received, with interest at the rate of 5 per cent per annum. This note is given in part payment of the premium due Dec. 20th, 1898, on the above policy, with the understanding that all claims to further insurance and all benefits whatever, which full payment in cash of said premium would have secured, shall become immediately void and be forfeited to the New York Life Insurance Company if this note is not paid at maturity, except as otherwise provided in the policy itself.

"ROYAL A. JOHNSON,
"$228.00        P. O. address, Tucson, Arizona."

And at the same time the defendant gave to the insured a receipt of which the following is a copy:

> " NEW YORK LIFE INSURANCE COMPANY,
>      " 346 & 348 Broadway, New York,
>            " PHŒNIX, ARIZONA, 12/19/98.
>
> " Cash $76.00
>
> " Note 6 mo., dated Dec. 20th, 1898, Due June 20, 1899, without grace. Made by Royal A. Johnson. Payable at the Phœnix National Bank, Phœnix, Arizona.
>
> " Received from the owner of Policy No. 709973 $76.00 in cash, and his note at six months for $228.00 which continues said policy in force until the twentieth day of December, 1899, at noon, in accordance with its terms and conditions, provided the above note is paid at maturity and this receipt is signed by
>
>                  " J. V. HOLLINGSWORTH,
>                             " *Cashier.*
>               " per pro R. ALLYN LEWIS,
>                             " *Gen. Agt.*"

When said note of $228 became due the insured paid to the defendant a further sum of $76 in cash and the interest on said note and gave to the defendant another note for $152 which was accepted by it. It was similar in form to the one quoted except that it was given for three months instead of six months. At the same time the defendant gave to the insured a receipt similar in form to the one quoted. The last-mentioned note was not paid when due, and it was subsequently canceled but retained by the defendant.

The defendant insists that the policy now under consideration expired on the day previous to the death of the insured. It further insists that by the terms of the note and receipt quoted and the note and receipt given in renewal thereof, the payments upon the fourth year's premium were wholly forfeited. It relies for such contention upon *Holly* v. *Metropolitan Life Insurance*

*Company* (105 N. Y. 437). The note and receipt under consideration in the *Holly* case were substantially the same as the note and receipt now under consideration except that there is added to the note in this case the words "Except as otherwise provided in the policy itself."

The policy under consideration in the *Holly* case was written prior to the statutes of this state relating to the surrender value of lapsed or forfeited policies. Such statutes have been passed for the express purpose of preventing the forfeiture of a policy of insurance so long as the reserve on such policy, computed according to the American Experience Table of Mortality at the rate of four and one-half per cent per annum, will continue it in force in some form as provided therein. The statute in force at the time when the policies were issued and at the time when the note and receipt quoted were given was chapter 690, Laws of 1892.

The policies expressly provide, among other things, that "This policy cannot be forfeited after it shall have been in force three full years, as hereinafter provided.

"*First.* If any premium subsequently due is not paid as hereinbefore provided, this policy will be continued for its full amount, as provided in the Table below, subject to the conditions of this policy, but without further payment of premiums, and without loans, participations in surplus and premium-return. * * * *"

The cash received on said policy by the defendant after the fourth year's premium became due amounted to $152. The amount is one-half of the yearly premium upon such policy. The part payment of the fourth year's premium in cash, together with the interest on the first note, and the giving of the second note continued the policy in force until September 20, 1899.

It is found by the trial court that "The reserve on policy No. 709973 on September 20th, 1899, computed according to the American Experience Table of Mortality, at

the rate of 4½ per cent per annum, amounted to $752.09, which after deducting the indebtedness represented by said note in the sum of $153.90, left a balance of said reserve in the sum of $598.19."

It is also found that such reserve would carry the policy to a time beyond October 21, 1906, the date of the death of the insured. There is evidence in the record given by an insurance actuary to sustain the findings quoted. Such application of the reserve is in accordance with the contract of the insured with the defendant, unless we construe the note and receipt entirely independent of the statute and policy. We think the statute, policy and supplementary agreement contained in the notes and receipts should be construed together. It may be assumed that the reserve would have carried the policy to a time after October 21, 1906, if it had been computed as of June 20, 1899, or as of any date to which the $152 in cash would have paid the premium on the policy.

Section 88 of the statute of 1896 (now Cons. Laws, ch. 28), relating to the surrender value of lapsed or forfeited policies, expressly provides that "This section shall not apply to any case * * * where the provisions of the section are specifically waived in the application and notice of such waiver is written or printed in red ink on the margin of the face of the policy when issued." It thus appears that it was the intention of the legislature to prevent any waiver of the terms of the statute unless such waiver is not only specific, but also that such specific waiver is in some form brought to the attention of the insured. The intention of the insured to wholly forfeit the $152 paid on the fourth year's premium unless he paid the balance of the year's premium on the day of the maturity of the note should be clearly shown. It is not clearly shown. The note provides "That all claims to further insurance and all benefits whatever which full payments in cash of said premium would have secured shall become immediately void and be forfeited

to the New York Life Insurance Company if this note is not paid at maturity except as otherwise provided in the policy itself." The note does not in terms say that the insured shall forfeit all benefits whatever arising from the payments made in cash. There is no clear agreement by the insured, as shown by such note and the receipt, that a failure to pay the note will be an unconditional forfeiture of the money paid upon the fourth year's premium and the reserve arising from such partial payment of that year's premium. By the findings of the trial court the reserve is not computed as upon full payment of the fourth year's premium in cash but as of a time when the policy was in force apart from the terms thereof relating to the reserve, viz., September 20, 1899. The reserve upon a policy computed as prescribed by the statute equitably belongs to the insured.

It nowhere appears that the reserve is not estimated by the defendant after quarterly or semi-annual payments. The partial payments were accepted by the defendant and constituted a part of the fourth year's premium. Although the note by its terms " Is given in part payment of such premium," it is not necessary to hold that the full year's premium was paid because the reserve, as we have seen, has not been computed upon the basis of a full payment of the fourth year's premium.

We think that the decision in the *Holly* case is not controlling in this case, and that the findings of fact made by the trial court were not without some evidence to sustain them, and that the conclusions of law are sustained by the findings.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK, COLLIN and HOGAN, JJ., concur.

Judgment affirmed.