Judgment reversed on the law, and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: One of the issues presented in this action was the date that the policy of life insurance became effective. An option offered in the application permitted the contract of insurance to he in force as of the date fixed in the application. Upon all the evidence we conclude that the finding of the trial court that the coverage provided by the policy became effective on November 1, 1953, which was the date so fixed in the application, was not contrary to law or the evidence. The pleadings, however, presented a further issue of material representations made by the insured in parts A and B of the application which the defendant claimed were false and untrue. The trier of the facts did not reach this issue but decided this phase of the ease upon the assumption that the defendant was contending that the insured was guilty of fraud in answering certain questions in this application. No defense of fraud was raised by the answer but instead the issue presented was that the contract was void because of material misrepresentations made in the application. Therefore, a new trial is required and inasmuch as there was a general judgment for the plaintiffs this reversal leaves the parties wholly unaffected by the adjudication upon the first trial. (Taylor v. New York Life Ins. Co., 209 N. Y. 29, 34.) All concur, Kimball and Williams, JJ., in result only, in the following memorandum: In our opinion the present record does not disclose that plaintiffs have any cause of action against the defendant. We concur in reversal and new trial, however, on the theory that another trial may develop additional facts showing a cause of action in favor of plaintiffs. (Appeal from a judgment of Chautauqua Trial Term for plaintiffs on a directed verdict, in an action under a life insurance policy.)
Present — McCum, P. J., Kimball, Williams, Bastow and Halpern, JJ.