■ In the Matter of SIPAL REALTY CORPORATION, Respondent, v. MAURICE WILLIAM et al., Appellants.— 

 The Court of Appeals did not, either in its opinion or in its order in directing a new trial, limit the issues to be tried, albeit the reasons assigned in the court's opinion for directing a new trial were limited in scope (8 N Y 2d 319). In the absence of an express direction for a limited trial, the granting of a new trial should be construed to

require a new trial generally. Any other view, for which there is, concededly, no precedent, would entail recurrent uncertainty in procedure and require the litigants and the trial courts to engage in collateral interpretation or construction of an appellate court's intention. On the merits of landlord's claim to retro-activity in fixing the rents as of the time of the commencement of the proceeding, Special Term was correct, the certificates granted by the Rent Administrator not serving the purpose of effecting decontrol but merely confirming the facts which *ipso facto* establish decontrol (Emergency Business Space Rent Control Law, § 2, subd. [a], par. [2]; L. 1945, ch. 314, § 2 as amd.; State Rent and Eviction Regulations, § 13; *Matter of Sipal Realty Corp. [Dankers]*, 8 A D 2d 355, 358). Moreover, this court, in prior determinations in this very proceeding, assumed as much (9 A D 2d 642; 10 A D 2d 669). Concur — Botein, P. J., Breitel, Valente and Steuer, JJ.