■ PHILIP J. CERAVOLE, JR., Respondent, v GIROLAMO GIGLIO et al., Defendants, and COUNTY OF WESTCHESTER, Appellant.— In an action to recover damages for personal injuries, the defendant County of Westchester appeals from an interlocutory judgment of the Supreme Court, Westchester County (Gurahian, J.), entered March 15, 1990, which, upon a jury verdict after a trial on the issue of liability only, is against it and in favor of the plaintiff.

Ordered that the interlocutory judgment is reversed, on the law, and a new trial is granted with respect to the plaintiff's cause of action against the County of Westchester and upon the cross claim of the County of Westchester against the defendants Girolamo and Guiseppe Giglio, with costs to abide the event.

The facts of this case are set forth in our prior decision and order dated July 17, 1989, reversing so much of a prior interlocutory judgment as was against the plaintiff and in favor of the County of Westchester. In the decision and order dated July 17, 1989, we found that the trial court had unduly restricted the testimony of the plaintiff's expert regarding, *inter alia,* whether the County had departed from accepted road maintenance procedures *(see, Ceravole v Giglio,* 152 AD2d 648). Accordingly, we granted a new trial, but only to readjudicate the plaintiff's cause of action against the County and the County's cross claim against the codefendants Girolamo and Guiseppe Giglio. So much of the prior interlocutory judgment as was against the defendants Girolamo and Guiseppe Giglio was unaffected.

At the second trial, prior to the presentation of the County's first witness, the trial court ruled that the prior jury verdict remained binding on the parties with respect to the issue of the plaintiff's contributory negligence. Moreover, at the conclusion of the jury charge, the court instructed "as a matter of law that [the plaintiff] is not negligent in this case". The trial court's interpretation of our decision and order dated July 17, 1989, was in error.

It is settled jurisprudence that when an appellate court reverses a judgment, the rights of the parties are left "wholly unaffected by any previous adjudication" *(Taylor v New York Life Ins. Co.,* 209 NY 29, 34). Unless the appellate court in its decision and order directs that the new trial be limited in

scope it "should be construed to require a new trial generally" *(Matter of Sipal Realty Corp. v William,* 15 AD2d 456; *see also, Crisafulli v State of New York,* 66 AD2d 1009; *Killeen v Community Hosp.,* 101 Misc 2d 367; 10 Carmody-Wait 2d, NY Prac § 70:452, at 492). In the matter at bar, this Court's decision and order dated July 17, 1989, which reversed so much of an interlocutory judgment as was against the plaintiff and in favor of the County of Westchester, did not limit the issues to be addressed on retrial. The decision and order which decreed that the interlocutory judgment was reversed "insofar as appealed from", left undisturbed that portion of the interlocutory judgment which was in favor of the plaintiff and against the defendants Girolamo and Guiseppe Giglio. Contrary to the plaintiff's assertions, the use of the term "insofar as appealed from" did not manifest an intention by this Court to preclude the fact-finder from considering the County's affirmative defense of contributory negligence. Therefore, the trial court erred in taking the County's affirmative defense of contributory negligence out of the jury's province. Given the fact that the plaintiff's rate of speed as he entered the intersection may have exceeded the legal limit, this issue warrants submission to the jury on retrial.

The plaintiff's contention that after the first trial, the County should have cross-appealed from the jury's determination that he was not contributorily negligent, is similarly without merit. The first interlocutory judgment of the Supreme Court specifically granted the complete relief to the County, that is, dismissal of the complaint against it upon the merits. Accordingly, upon appeal, the County was not an "aggrieved party" within the meaning of CPLR 5511 *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539).

Upon retrial, in the event that the County of Westchester is found to be at fault in the happening of the accident, there should be an apportionment of fault between the defendants Girolamo and Guiseppe Giglio and the County on the County's cross claim *(see, e.g., Charney v Muss,* 122 AD2d 825). Thompson, J. P., Harwood, O'Brien and Santucci, JJ., concur.