■ STEPHEN PHILLIPS, Respondent, v STATE FARM FIRE & CASUALTY COMPANY, Appellant. [666 NYS2d 453] —In an action, *inter alia,* to recover damages for failure to pay for fire loss pursuant to an insurance policy, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Hall, J.), entered September 26, 1996, which, upon a special jury verdict finding that the plaintiff did not cause or solicit the fire, and a prior jury verdict on the issue of damages, is in favor of the plaintiff in the principal sum of $75,234.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of liability. No questions of fact on the issue of damages were raised or considered.

The plaintiff commenced this action against the defendant State Farm Fire & Casualty Company (hereinafter State Farm) after it denied his claim for fire loss to his home. At trial, after the close of evidence, the court granted the plaintiff's motion to dismiss State Farm's eight affirmative defenses and directed judgment in his favor on the issue of liability. After a verdict on damages, State Farm appealed. In a decision and order dated March 21, 1996, the Appellate Division, First Department, reversed and vacated the judgment and ordered a new trial on the issue of liability (*see, Phillips v State Farm Fire & Cas. Co.,* 225 AD2d 457). In its decision and order, however, the First Department discussed only four of the eight affirmative defenses. At the second trial, the Supreme Court interpreted the First Department's decision and order as reinstating only the four discussed affirmative defenses and permitted State Farm to proffer evidence limited thereto. On appeal, State Farm contends that the trial court's exclusion of evidence relating to the four affirmative defenses not discussed in the First Department's decision was improper and warrants reversal. We agree.

"It is settled jurisprudence that when an appellate court reverses a judgment, the right of the parties are left 'wholly unaffected by any previous adjudication' " (*Ceravole v Giglio,* 186 AD2d 170, quoting *Taylor v New York Life Ins. Co.,* 209 NY 29, 34). The parties are left in the same position as though

there had been no trial, and unless the appellate court in its decision and order directs that a new trial be limited in scope, it should be construed to require a new trial generally (*see, Ceravole v Giglio, supra,* at 170-171; *see, Matter of Sipal Realty Corp. v William,* 15 AD2d 456; 10 Carmody-Wait 2d, NY Prac § 70:452, at 492).

Here, the decision and order of the First Department remanded the case for a new "trial on the issue of liability". Since the decision and order did not explicitly limit the scope of the new trial further, the trial court's exclusion of evidence relating to the four affirmative defenses not discussed in the First Department's decision and order was error. Under the circumstances of this case, had such evidence "been admitted, [it] probably would have had a substantial influence upon the result of the trial" (*Walker v State of New York,* 111 AD2d 164, 165). Accordingly, reversal of the judgment is warranted. Mangano, P. J., Copertino, Krausman and McGinity, JJ., concur.