Jacob Enden et al., Appellants, v Nationwide Mutual Insurance Company, Respondent. [672 NYS2d 806] —In an action to recover the proceeds of a commercial insurance policy, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (S. Leone, J.), entered January 14, 1994, which, upon a jury verdict in favor of the defendant, in effect, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

"It is settled jurisprudence that when an appellate court reverses a judgment, the rights of the parties are left 'wholly unaffected by any previous adjudication' " (*Ceravole v Giglio,* 186 AD2d 170, quoting *Taylor v New York Life Ins. Co.,* 209 NY 29, 34). The parties are left in the same position as though there had been no trial, and unless the appellate court in its decision and order directs that a new trial be limited in scope, it should be construed to require a new trial generally (*see, Ceravole v Giglio, supra,* at 170-171; *see, Matter of Sipal Realty Corp. v William,* 15 AD2d 456).

Here, since the decision and order of this Court dated March 4, 1996, reversing the judgment in favor of the plaintiffs did not explicitly limit the scope of the new trial (*see, Enden v Nationwide Mut. Ins. Co.,* 225 AD2d 515), the trial court correctly determined that the new trial would be as to all issues, including the viability of the defendant's affirmative defenses.

Moreover, the trial court properly found that the defendant had not waived, and was not estopped from asserting, any of its defenses. O'Brien, J. P., Pizzuto, Joy and Florio, JJ., concur.