■ GREENMAN-PEDERSEN, INC., Respondent, v ZURICH AMERICAN INSURANCE COMPANY, Appellant. [864 NYS2d 39]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Byrne v Greenman-Pedersen, Inc.,* pending in the Supreme Court, New York County, under index No. 124171/00, the defendant appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated December 12, 2007, which denied its motion for a protective order limiting discovery in the action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for a protective order with regard to item No. 7 of the "Plaintiff's Second Request for Discovery and Inspection" and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the decision and order of this Court on a previous appeal in this matter (*see Greenman-Pedersen, Inc. v Zurich Am. Ins. Co.,* 36 AD3d 664 [2007]) did not expressly or impliedly limit the issues in this case solely to the question of the plaintiff's reasonable diligence in ascertaining the existence of insurance coverage under the defendant's policy (*see generally Enden v Nationwide Mut. Ins. Co.,* 251 AD2d 283 [1998]; *Phillips v State Farm Fire & Cas. Co.,* 245 AD2d 359, 360 [1997]; *Ceravole v Giglio,* 186 AD2d 170, 170-171 [1992]). Accordingly, all of the issues in the case remain pending, and the majority of the plaintiff's discovery requests appropriately seek material which is relevant to them.

However, the Supreme Court should have granted a protective order with regard to item No. 7 of the "Plaintiff's Second Request for Discovery and Inspection." That item, which seeks all documents pertaining to past and current litigation involving the interpretation of certain terms in policies issued by the defendant, is overly broad and would be unduly burdensome to comply with. Moreover, the documents it seeks would be of questionable relevance to the present case or would likely be privileged or confidential (*see generally Gilman & Ciocia, Inc. v Walsh,* 45 AD3d 531 [2007]; *Amherst Synagogue v Schuele Paint Co., Inc.,* 30 AD3d 1055, 1056 [2006]; *Astudillo v St. Francis-Beacon Extended Care Facility, Inc.,* 12 AD3d 469, 470 [2004]; *EIFS, Inc. v Morie Co.,* 298 AD2d 548, 549 [2002]). Mastro, J.P., Spolzino, Ritter and Leventhal, JJ., concur.