In an action, inter alia, to enjoin the defendants in action No. 1 from entering upon real property located at 141-47 33rd Avenue, Flushing, New York, and for an accounting, and a related action, inter alia, for a judgment declaring that legal and equitable title to the real property located at 141-47 33rd Avenue and 141-49 33rd Avenue, Flushing, New York, belongs to the plaintiff in action No. 2, which were joined for trial, (1) the defendant in action No. 1 appeals, as limited by his brief, from stated por *704 tions of an order of the Supreme Court, Queens County (Flug, J.), dated March 16, 2007, which, inter alia, denied those branches of his motion which were for leave to serve supplemental and amended pleadings raising new issues, theories, and defenses, and for leave to renew, and (2) the plaintiff in action No. 2 appeals, as limited by his brief, from stated portions of an order of the same court, also dated March 16, 2007, which, inter alia, denied those branches of his motion which were for leave to serve supplemental and amended pleadings raising new issues, theories, and defenses, and for leave to renew.
Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.
In a prior decision and order dated January 10, 2006, we reversed two judgments (one in each action) in favor of ATIFA, the plaintiff in action No. 1 and the defendant in action No. 2, finding that the trial court erred in granting ATIFA’s motion pursuant to CPLR 4401 for judgment as a matter of law because triable issues of fact existed at the conclusion of the evidence that required determination by the jury (see ATIFA v Shairzad, 25 AD3d 527, 528 [2006]). Consequently, we reinstated the original pleadings and granted a new trial. Upon retrial, the appellants sought to introduce new theories and defenses, i.e., that ATIFA was incapable of taking title when it purchased the subject property and violated General Business Law § 130.
“It is settled jurisprudence that when an appellate court reverses a judgment, the rights of the parties are left ‘wholly unaffected by any previous adjudication’ ” (Ceravole v Giglio, 186 AD2d 170, 170 [1992], quoting Taylor v New York Life Ins. Co., 209 NY 29, 34 [1913]). The parties are left in the same position as though there had been no trial (see Enden v Nationwide Mut. Ins. Co., 251 AD2d 283 [1998]; Ceravole v Giglio, 186 AD2d at 170-171). Contrary to the appellants’ contention, our prior decision and order did not expand the issues to be retried to include those that were never pleaded, were not addressed in discovery, and would prejudice ATIFA at the new trial.
Moreover, given the appellants’ extended delay in moving for leave to amend their pleadings, the lack of a reasonable excuse for the delay, and the prejudice to ATIFA, the Supreme Court properly denied those branches of the appellants’ respective motions which were for leave to serve supplemental and amended pleadings raising new issues, theories, and defenses, and for leave to renew (see CPLR 3025 [b]; Countrywide Funding Corp. v Reynolds, 41 AD3d 524, 525 [2007]; Sewkarran v DeBellis, 11 AD3d 445 [2004]; Clarkin v Staten Is. Univ. Hosp., 242 AD2d 552 [1997]). Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur.