■ GLORIA DOOMES, Respondent, v BEST TRANSIT CORP. et al., Defendants, and WARRICK INDUSTRIES, INC., Appellant. ANA JIMINIAN, Respondent, v BEST TRANSIT CORP. et al., Defendants, and WARRICK INDUSTRIES, INC., Appellant. KELLI RIVERA, Respondent, v BEST TRANSIT CORP. et al., Defendants, and WARRICK INDUSTRIES, INC., Appellant. [940 NYS2d 17]—

Plaintiffs were injured when the driver of the bus, operated by defendant Best Transit and manufactured by Warrick, fell asleep while traveling between 60 and 70 miles an hour, causing the vehicle to go down an embankment and roll over several times. The complaint charged, inter alia, that by altering the vehicle's weight distribution and failing to install seat belts in the passenger seating positions, Warrick was negligent in the design, manufacture and construction of the bus and violated the implied warranty that the vehicle was fit for its intended purpose.

After the companion actions were resolved by stipulation, these actions were consolidated for trial. The jury was asked to determine the relative liability of the bus operator and Warrick in three distinct respects: The verdict sheet asked the panel to assign (1) "the percentage of fault for the accident" (the jury

assigned the bus operator 60% and Warrick 40%), (2) "the percentage of fault for the absence of seatbelts" (bus operator 20%, Warrick 80%) and (3) "the percentage of injuries that were caused by the absence of seatbelts" (100%). As a result of the jury's answer to the latter interrogatory, judgments were entered against Warrick for the full amount of the verdict.

The verdict sheet presented to the jury was confusing, and the panel's answers to the interrogatories were inconsistent and contrary to the evidence. It is impossible to reconcile the conflicting allocations of fault. The attribution of 100% responsibility for the injuries sustained to the absence of seat belts is irrational since the jury attributed 60% of the fault for causing this accident to the driver. It is apparent that the lack of seat belts did not cause the accident. The evidence establishes that the sole precipitating event was the driver's loss of control after falling asleep behind the wheel, without which the need for seat belts would not have arisen and their absence would have been rendered academic. Moreover, it is inconceivable that the availability of passenger seat belts would have resulted in the complete absence of injury, given the severity of the accident, in which the bus went off the road, slid down an embankment before hitting a rock, and then rolled over several times, all attributable to the negligent operation of the vehicle by the bus driver.

Because the absence of seat belts was not a precipitating factor, the 40% fault assessment against Warrick for causing the accident is no longer valid. The jury's assignment of 40% of fault to Warrick can only be attributed to plaintiff's contention that the manufacturer's extension of the vehicle's chassis had redistributed the weight of the vehicle, resulting in the driver's inability to regain control of the bus upon awakening after falling asleep behind the wheel. This theory of liability has since been rejected by both this Court and the Court of Appeals. Under the surviving theory of recovery, responsibility for causing the accident is inexorably attributable to the bus operator. Furthermore, as we have had occasion to point out in the past, the pertinent question to be decided by the jury is not the relative culpability of defendants in causing the *accident* but their relative culpability in causing the *injuries* complained of (*Rodriguez v Budget Rent-A-Car Sys., Inc.*, 44 AD3d 216, 221 [2007]; *Bustamante v Westinghouse El. Co.*, 195 AD2d 318, 319 [1993]).

A new trial is required to obtain a proper allocation of fault for the injuries sustained as a consequence of the lack of seat belts (as opposed to the negligent operation of the bus) and apportionment of liability under CPLR article 16. In view of this

disposition, it is unnecessary to reach Warwick's other arguments. Concur—Tom, J.P., Acosta, Renwick, DeGrasse and Freedman, JJ.

Motion for leave to file a supplemental brief and related relief denied.