(March 31, 2015)

■ GLORIA DOOMES, Respondent, v BEST TRANSIT CORP. et al., Respondents, and WARRICK INDUSTRIES, Inc., Doing Business as GOSHEN COACH, Appellant, et al., Defendants. ANA JIMINIAN, Respondent, v BEST TRANSIT CORP. et al., Respondents, and WARRICK INDUSTRIES, INC., Doing Business as GOSHEN COACH, Appellant, et al., Defendants. KELLI RIVERA, Respondent, v BEST TRANSIT CORP. et al., Respondents, and WARRICK INDUSTRIES, INC., Doing Business as GOSHEN COACH, Appellant, et al., Defendants. [7 NYS3d 69]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered December 9, 2013, which, to the extent appealed from as limited by the briefs, denied defendant Warrick Industries, Inc.'s motions for a "full scope" retrial and to preclude defendant Best Transit Corp. from participating in the retrial, unanimously modified, on the law, to the extent of directing a full unified retrial, and otherwise affirmed, without costs.

Plaintiffs were passengers in a bus that was involved in a single-vehicle rollover accident. The bus was owned by Best Transit and had been constructed by Warrick. The now pending claims against Best Transit are based on a theory of negligence on its driver's part. Those against Warrick are predicated on the absence of seat belts under a second collision or crashworthiness theory of liability. On a prior appeal, this Court reversed and vacated judgments entered against Warrick after a jury trial, finding that the verdict sheet was confusing and the jury's answers to the interrogatories inconsistent and contrary to the evidence (92 AD3d 490 [1st Dept 2012]). We remanded the matter for a new trial.

An examination of the second collision doctrine leads to the conclusion that a unified trial is required by our prior order. To prevail under the doctrine, plaintiffs must show by independent proof that the absence of seatbelts was a defect that "caused enhanced injuries" (see *Garcia v Rivera*, 160 AD2d 274, 276 [1st Dept 1990], *lv denied* 77 NY2d 801 [1991]). Accordingly, the issues of Warrick's liability and plaintiffs' damages are clearly intertwined (see e.g. *Smith v McClier Corp.*, 38 AD3d 322, 323 [2007]). A limited scope retrial would cause untold confusion in any attempt by the trial court to apply the second collision doctrine pursuant to *Garcia*. We also note that the judgment's reversal under our prior order vacates the awards of damages. "[W]hen an appellate court reverses a judgment, the rights of the parties are left 'wholly unaffected by any previous adjudication' " (*Ceravole v Giglio*, 186 AD2d 170, 170 [2d Dept 1992], quoting *Taylor v New York Life Ins. Co.*, 209 NY 29, 34 [1913]). In light of *Taylor* and *Ceravole*, we find that the trial court properly denied Warrick's motion to preclude Best Transit from participating in the retrial. Moreover, as this Court vacated the original jury's fault determinations, the retrial jury will not be able to properly allocate fault absent Best Transit's participation. Concur—Tom, J.P., Renwick, Andrias, DeGrasse and Kapnick, JJ.