■ In the Matter of 175 WEST 107TH LLC, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and BRIDGET M. LYDIA, Intervenor-Respondent. [23 NYS3d 228]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered October 8, 2014, which, inter alia, denied the petition to annul a determination of respondent, New York State Division of Housing and Community Renewal (DHCR), dated February 21, 2014, affirming an order of the Rent Administra-

tor, dated April 7, 2011, which found that the subject apartment remained governed by rent control and that petitioner landlord was not entitled to a rent increase for certain renovations, unanimously affirmed, without costs.

DHCR's determination was rationally based in the administrative record and not arbitrary and capricious or contrary to law (*see Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 428 [1st Dept 2007], *affd* 11 NY3d 859 [2008]; *Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal*, 7 AD3d 453, 454 [1st Dept 2004]). The tenant was unlawfully evicted and therefore never lawfully out of possession. When she was restored to possession of the apartment following the Appellate Term's reversal of the Civil Court judgment ending her tenancy, she simply resumed the tenancy upon its former terms (*see Doomes v Best Tr. Corp.*, 126 AD3d 629, 630 [1st Dept 2015] ["(W)hen an appellate court reverses a judgment, the rights of the parties are left wholly unaffected by any previous adjudication" (internal quotation marks omitted)]).

While the tenant was out of possession and an appeal was pending with successive stays in effect barring the landlord from reletting the apartment, the landlord made extensive renovations to the apartment. The landlord assumed the risk of an adverse appellate ruling and performed those renovations at its peril.

The landlord's reliance on *Sorkin v Salazar* (6 Misc 3d 129[A], 2000 NY Slip Op 50005[U] [App Term, 1st Dept 2000]) is misplaced, since, among other distinguishing factors, the tenant in that case had been lawfully and properly evicted before the landlord made improvements and before being restored to possession by an exercise of Civil Court's discretion. Concur—Mazzarelli, J.P., Acosta, Andrias and Moskowitz, JJ.