Kayantas v Restaurant Depot, LLC (2019 NY Slip Op 04367)





Kayantas v Restaurant Depot, LLC


2019 NY Slip Op 04367


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-01675
2018-09700
 (Index No. 603995/15)

[*1]Pantagiota Kayantas, etc., respondent,
v
Restaurant Depot, LLC, appellant.


Sobel Pevzner, LLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Mallilo & Grossman, Flushing, NY (Joanna J. Lambridis of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered December 12, 2017, and (2) an order of the same court entered July 9, 2018. The order entered December 12, 2017, insofar as appealed from, conditionally granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendant's answer and preclude it from offering any evidence at trial unless the defendant fully complied with discovery demands dated April 27, 2017, May 25, 2017, and June 22, 2017, within a specified time. The order entered July 9, 2018, insofar as appealed from, upon reargument, adhered to the determination in the order entered December 12, 2017, and denied that branch of the defendant's motion which was for a protective order with respect to those discovery demands.
ORDERED that the appeal from the order entered December 12, 2017, is dismissed, as that order was superseded by the portion of the order entered July 9, 2018, made upon reargument, adhering to the original determination; and it is further,
ORDERED that the order entered July 9, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the plaintiff is awarded one bill of costs.
In April 2015, Kostas Kayantas commenced this action to recover damages for personal injuries allegedly sustained by him when he tripped and fell over a forklift in the aisle of a Restaurant Depot store owned and operated by the defendant, Restaurant Depot, LLC. In October 2016, following Kostas Kayantas's death, Pantagiota Kayantas, as the administrator of the estate of Kostos Kayantas, was substituted as the plaintiff.
During the course of this litigation, the plaintiff made two motions to compel compliance with discovery demands. The second motion, which the defendant did not oppose, was decided by order dated May 17, 2017, granting a conditional order of preclusion if the defendant did [*2]not produce a witness for a deposition.
At issue here is the defendant's failure to comply with discovery demands dated April 27, 2017, May 25, 2017, and June 22, 2017. When complete responses were not forthcoming, the plaintiff's counsel sent a letter dated July 20, 2017, limiting the plaintiff's disclosure requests. Thereafter, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike the defendant's answer for failure to comply with the discovery demands dated April 27, 2017, May 25, 2017, and June 22, 2017. The plaintiff's attorney noted in an affirmation submitted in support of the motion that "no one has returned either my calls or letters, or those of my colleagues regarding the outstanding discovery." In opposition, the defendant contended that it had responded to all outstanding discovery demands. In those responses to the discovery demands, the defendant contended that a majority of the demands were for privileged material, or were unduly burdensome and overly broad. The defendant also contended that it was still looking for other material to ascertain whether it existed.
By order entered December 12, 2017, the Supreme Court conditionally granted the plaintiff's motion unless the defendant complied with the discovery demands within a specified time. Thereafter, upon granting that branch of the defendant's motion which was for leave to reargue its opposition to that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendant's answer, the court, by order entered July 9, 2018, adhered to its original determination and denied that branch of the defendant's motion which was for a protective order with respect to the discovery demands. The defendant appeals.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "The phrase material and necessary' should be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason'" (Friel v Papa, 56 AD3d 607, 608, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). Pursuant to CPLR 3103(a), the Supreme Court may issue a protective order precluding disclosure that is palpably improper in that it seeks irrelevant and/or confidential information, or is overly broad and burdensome (see Ural v Encompass Ins. Co. of Am., 158 AD3d 845, 847; Greenman-Pedersen, Inc. v Zurich Am. Ins. Co., 54 AD3d 386, 387; Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531).
In this case, notwithstanding the plaintiff's efforts to prune her demands to avoid demands that were overly broad and burdensome, the defendant nevertheless failed to comply with demands for material and necessary information. Further, during the course of this litigation, the defendant demonstrated a history of lack of compliance with discovery demands, provoking two prior applications for court intervention.
The defendant's repeated failure to comply with discovery demands, requiring court intervention, justified the imposition of a conditional order of preclusion. Accordingly, the Supreme Court providently exercised its discretion in, upon reargument, adhering to its determination conditionally granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the defendant's answer unless the defendant complied with the discovery demands dated April 27, 2017, May 25, 2017, and June 22, 2017, and denying that branch of the defendant's motion which was for a protective order.
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court