JEFFERSON L. HEWITT, Respondent, v. TOWN OF SCIPIO et al., Appellants.— Judgment unanimously reversed on the law and facts, without costs, and complaint dismissed. Memorandum: In 1956 plaintiff became the record owner of a strip of land 49.5 feet wide running west from the west side of Owasco Lake to land owned by the Lehigh Valley Railroad. The warranty deed described the premises as "the fee to a three rod public highway leading from the Lehigh Valley Railroad Company's land easterly to Owasco Lake * * * subject however, to the rights of the public for so long as it uses the same as a public highway". The highway was laid out in 1875. Plaintiff contends that the town failed to maintain and service the road during at least six years immediately prior to the trial and that the highway has been abandoned. Although not serviced by the town, the highway had a hard, gravel surface which had been used repeatedly and regularly for many years up to the time of trial without obtaining permission from anyone. The public has traveled over the disputed area in the summertime by vehicles and on foot for the purpose of reaching the shore to swim, fish, picnic, draw water in dry seasons and load commodities on boats for transportation to campsites along the lakeshore not otherwise conveniently accessible; vehicles have regularly been parked along a fence on the north line of the highway and on the entire area. When plaintiff conveyed property immediately adjacent to the disputed area on the north in 1963 the deed description referred to "the northerly margin of a public highway" as the starting point of the property conveyed, and the grantee has consistently used the road as the only means of ingress and egress to and from his property without being granted an easement or right of way. The town never filed a certificate of abandonment of the road. It appears that the road is the only way the public can get to the lake and is considered most important for fire protection. Finally, the public has had no difficulty in getting in and out of the area; it was never obstructed or barricaded by plaintiff and no complaint was ever made to the town in the years immediately preceding the trial concerning the condition of the highway. Once a highway, always a highway, until the contrary is shown, and the contrary is not shown by the fact the town failed to service it. (*Matter of Scheibel* v. *O'Brien*, 230 N. Y. 277, 281; *City of Cohoes* v. *President, etc. Delaware & Hudson Canal Co.*, 134 N. Y. 397, 407; *Smith* v. *Town of Sandy Creek*, 12 Misc 2d 916, affd. 8 A D 2d 688, mot. for lv. to app. den. 7 N Y 2d 707.) Furthermore, upon the record plaintiff has failed to sustain the burden of proving that the disputed area had been abandoned by nonuser. The fact that the highway might have been obstructed across part of its width, narrowing but not closing the line of travel, did not work an extinguishment of the right of way. (*Mangam* v. *Village of Sing Sing*, 26 App. Div. 464, affd. 164 N. Y. 560.) (Appeal from judgment of Cayuga Trial Term, in action to enjoin trespass.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Bastow and Henry, JJ.