Bertram Harnett, J.
Eugene W. Holland owns property in Smithtown, New York, bordering to the east on a plot of land about 50 feet wide sometimes known as the “ Old Smith-town to St. Johnsland Road”. In this declaratory judgment action brought against the Town of Smithtown and its Superintendent of Highways, Mr. Holland now seeks, by summary judgment motion, a declaration that he owns the westerly one half of the land by virtue of State and town abandonment of *852 it. Defendants move to dismiss pursuant to CPLR 3211 (subd. [a], par, 10).
Despite some minor disputation, the parties essentially agree that the subject land is not used as a public road for motor vehicular traffic. It is unpaved, blocked off on both ends, and substantially overgrown with trees and shrubbery. Pedestrians and bicyclers occasionally use it as a sort of pathway or shortcut. No material issue of fact appears to prevent a summary disposition. (Sachs v. Real Estate Capital Corp., 31 A D 2d 916; Law Research Serv. v. Honeywell, 31 A D 2d 900.)
Subdivision 1 of section 205 of the Highway Law provides in pertinent part: ‘ ‘ Every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway * * * The town superintendent with the written consent of a majority of the town board shall file, and cause to be recorded in the town clerk’s office of the town a written description, signed by him, and by said town board of each highway and public right-of-way so abandoned, and the same shall thereupon be discontinued”.
The statute does not specify any procedures to be followed in town ascertainment of an abandoned highway, in contrast to the notice and hearing required for a ‘ ‘ qualified abandonment ” finding. (See Highway Law, § 205, subd; 2.) Any route once declared and used as a highway is presumed to continue as such until shown, by the party seeking a contrary •declaration, to have been abandoned. (Hallenbeck v. State of New York, 59 Misc 2d 475, 480; Stupnicki v. Southern New York Fish & Game Assn., 41 Misc 2d 266, affd. 19 A D 2d 921.) The focal determination is essentially a factual one. And, nonuse of only a portion of a highway, while the rest continues to be utilized as a highway, does not result in abandonment, even of the unused portion. (Bovee v. State of New York, 28 A D 2d 1165.)
While at one time the Smithtown to St. Johnsland Road may have been heavily traveled, after its completion in 1917, the portion abutting Mr. Holland’s land has been in substantial disuse since a realignment of the Jericho Turnpike intersection in 1930. The evidence is overwhelming for much more than the past six years the land was not used as a highway. Petitioner and 16 residents in the surrounding neighborhood so attest in sworn statements and the photographs submitted clearly indicate lack of highway activity for many years. Indeed, the town itself uses the easterly half of the old road land as part of a park.
*853 While use as a highway upon appropriate circumstances may encompass less than contemporary expressway traffic of trailer trucks and high-speed automobiles, even the most active use posited by the town, that of pedestrian and bicycle passage, falls far short of being highway use. (Town of Leray v. New York Cent. R. R. Co., 226 N. Y. 109, 113.) Were this activity to create a public easement, the ownership rights of the adjoining fee owner would still remain unaffected. “It is the rule that where an easement only exists in the public that upon abandonment the fee is presumptively in the owners of the adjoining land.” (Stupnicki v. Southern New York Fish & Game Assn., 41 Misc 2d 266, 271, affd. 19 A D 2d 921, supra).
As Judge Cardozo observed in Barnes v. Midland R. R. Term. Co. (218 N. Y. 91, 98): “ If for six years the highway remains closed with the acquiescence of the public, there is an extinguishment of the public right ”.
One peculiar wrinkle remains. After the State apparently realized that this portion of the “ Old Smithtown to St. Johns-land Road ” would be unused because of the mentioned realignment, the Commissioner of the Department of Works, Division of Highways, issued an official order dated July 19, 1932, substituting as part of the official State highway the realigned section for the abandoned section, stating that the unused portion was to be “ turned over to the county of Suffolk for future maintenance and repair”. The town asserts, in seeking dismissal, that this directive adversely affects Mr. Holland’s fee interest, and further requires the County of Suffolk to be joined as a necessary party.
Mr. Holland’s fee interest, clearly established by his surveyor’s title search of deeds going back over one hundred years, is not disturbed by the State’s order which relates solely to maintenance and care of the discontinued stretch of highway, not to the underlying ownership. Under the State highway system, created in 1908, the State does not own its roads unless prescribed condemnation procedures are first completed, - (L. 1908, ch. 330; Highway Law, § 30.) Here, there is no indication of any prior State condemnation. When the Department of Works’ order was issued in 1932, the State’s interest was merely that of a public right of way, limited to its entitlement and obligation to maintain the roads. Accordingly, even if the Commissioner had conveyance power, all that could have been “ turned over” to Suffolk County in 1932 was the State’s maintenance right. In this proceeding to determine ownership rights in the land, the county is not, therefore, a necessary or *854 indispensable party, particularly where, upon abandonment declaration, and resulting ownership and use vesting in the adjoining owner, he would then assume use, control and maintenance of the land.
Moreover, the purported deed from the county to the town dated July 28, 1930, transferring the 15 feet on each side of the subject parcel to the town only for use as a park or plaza, does not appear to, affect the easterly side of the road, not owned at any time by the town. In any event, it could not convey a fee interest that the county did not have.
Finally, the lack of any formal application for a town certificate is not at this stage fatal. The abandonment exists, independent of the town certification, a purely ministerial act. (See People ex rel. De Groat v. Marlette, 94 App. Div. 592, 594.) There are no procedures set forth in the statute indicating who may obtain, and how, the “consent” to abandonment by the Town Board. (Highway Law, § 205, subd. 1.) No reason is suggested why a court, with the town and its Highway Department fully and fairly before it, may not declare the respective rights of the parties so as to resolve the controversy. Exhaustion of administrative remedies is not a prerequisite in an action for declaratory judgment. (Northern Operating Corp. v. Town of Ramapo, 31 A D 2d 822.) Moreover, the town, by fully appearing here and expressing its opposition on the merits in the many forms indicated, has demonstrated that a remand of Mr. Holland’s application to the town would be a futile and superfluous avenue, and has therefore rendered the dispute ripe for judicial determination.
Accordingly, defendants’ motion to dismiss is denied, the plaintiff’s motion for summary judgment is granted, and a declaratory judgment shall be issued declaring the road land abutting plaintiff’s property to be abandoned.
Settle judgment on notice.