■ In the Matter of ROBERT FLACKE, as Commissioner of the Department of Environmental Conservation, Respondent, v ARCHIE STRACK, as Highway Superintendent for the Town of Harrietstown, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Shea, J.), entered September 15, 1982 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct that the Highway Superintendent for the Town of Harrietstown and the Harrietstown Town Board open and maintain a particular road. Special Term correctly denied respondents' motion to dismiss this proceeding as untimely, and its finding that the road at issue (Old Dock Road) was a town road that had not been abandoned is supported by the record. The judgment should, therefore, be affirmed. On the timeliness issue, the record reveals that respondents did not clearly and unequivocally express their refusal to comply with petitioner's demand that they reopen Old Dock Road until March 15, 1982. Accordingly, this proceeding, commenced April 14, 1982, is timely (CPLR 217). Next, the record contains documents revealing that in 1907 certain individuals petitioned the town for an order discontinuing a road and laying out a new road, which was thereafter constructed, and that at a meeting held June 19, 1908, the town board formally accepted the road. Respondents contend that the road referred to in these documents is not Old Dock Road, but the factual issue created by the conflicting evidence presented on this point was resolved by the trial court in petitioner's favor, and we see no basis for disturbing this finding. The statutory provision pertaining to a town's acquisition of a highway by dedication in effect in 1907 and 1908 (L 1890, ch 568, § 80, as amd by L 1897, ch 204) provides as follows: "Whenever land is dedicated to a town for highway purposes therein, the commissioners of highways in such town may * * * make an order laying out such highway, upon filing and recording in the town clerk's office with such order a release of the land from the owner thereof. A highway so laid out must not be less than two rods [33 feet] in width." The record shows that the required order and release were filed, and that both documents specifically refer to a road laid out to a width of three rods, in excess of the statutorily mandated width. The record contains no proof that the road actually constructed and used thereafter was any wider than 9 or 10 feet, but in our view this does not affect the road's character as a public highway. As noted above, the statutorily required documents were filed, expressly laying out a road wider than that required and, therefore, the road became a public highway by dedication pursuant to the statute. Where a road obtains its character as a public highway under color of statutory authority, it is the

statute and not the use that determines the width of the road (see *Schillawski v State of New York,* 9 NY2d 235, 238; *Bovee v State of New York,* 28 AD2d 1165). Respondents also contend that the road was abandoned pursuant to subdivision 1 of section 205 of the Highway Law. Once a road becomes a public highway, it remains such until the contrary is shown (see *Hewitt v Town of Scipio,* 32 AD2d 734, affd 26 NY2d 934). Thus, respondents had the burden of showing abandonment (see *Suffolk County Nat. Bank v State of New York,* 60 AD2d 679, 680), a burden which they failed to meet. The documents in the record show that the road was opened and worked well within six years of its dedication, and there is nothing in the record to establish a subsequent six-year period of nonuse. Indeed, the proof shows substantial public use since at least 1970 and respondents have graded the road once a year for a number of years. Accordingly, there has been no statutory abandonment. Nor does the use of the road to a width of only 9 or 10 feet, rather than the full statutory width, constitute an abandonment (*Schillawski v State of New York, supra,* p 238). The judgment directing respondents to reopen and maintain Old Dock Road, a public highway, should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Mikoll and Weiss, JJ., concur.