■ LEIGHTON H. COLEMAN, Appellant, v VILLAGE OF HEAD OF THE HARBOR et al., Respondents.—In an action for a judgment declaring the rights of the parties to a parcel of real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Namm, J.), entered January 24, 1990, which denied his motion for summary judgment declaring that (1) a road known as Shep Jones Lane, situated in the territory of the defendants Village of Head of the Harbor and the Town of Smithtown, had been abandoned pursuant to Highway Law § 205 (1), and (2) the defendant Nature Conservancy, Inc. possessed no right-of-way over the road.

Ordered that the order is modified, on the law, by adding a provision thereto that, upon searching the record pursuant to CPLR 3212 (b), summary judgment is awarded to the defendant Nature Conservancy, Inc. against the plaintiff, and, as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment declaring that the defendant Nature Conservancy, Inc. possesses a right-of-way over the subject road pursuant to a deed from the plaintiff to it.

We find that the court properly denied the plaintiff's motion for summary judgment declaring that a road known as Shep Jones Lane had been abandoned. The record shows that a predecessor in title to the plaintiff dedicated the subject road to the defendant Town of Smithtown (hereinafter the Town) for highway purposes in 1903. The road was used by village residents for access to Stony Brook Harbor. The plaintiff purchased the property where the road was located in 1936 and has occupied it since then. In 1970, by quitclaim deed, the plaintiff conveyed to the defendant Nature Conservancy, Inc. (hereinafter NCI) underwater property lying in Stony Brook Harbor and at the northern end of the subject road. The deed contained the clause "with all right, title and interest, if any, of [the plaintiff] in and to any streets and roads abutting the above described premises". The plaintiff commenced the instant action seeking a determination of claims to the road, and moved for summary judgment declaring that the road had been abandoned pursuant to the provisions of Highway Law § 205 (1). In his affidavit in support of the motion, the plaintiff averred that the road had not been traveled or otherwise used as a highway for more than the statutory abandonment period of six years. However, the affidavits in opposition submitted by both the Town and the defendant Village of Head of the Harbor stated that, while the road was impassable to vehicular traffic, it was regularly used by villagers to reach Stony Brook Harbor.

In *Daliendo v Johnson* (147 AD2d 312, 317), this court stated: "It is basic summary judgment law that the movant must establish its cause of action or defense sufficiently to warrant a court's directing judgment in its favor as a matter of law *(Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068). 'The party opposing the motion, on the other hand, must produce evidentiary proof in admissible form sufficient to require a trial of material ques-

tions of fact' *(Frank Corp. v Federal Ins. Co., supra,* at 967; *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 65). Mere conclusions or unsubstantiated allegations are insufficient to raise a triable issue *(Frank Corp. v Federal Ins. Co., supra)."*

Moreover in *Krupp v Aetna Life & Cas. Co.* (103 AD2d 252, 262), we observed that "[i]n reaching a decision [on a summary judgment motion], the court may not ordinarily weigh the credibility of the affiants unless untruths are clearly apparent". Based upon our review of the record, we conclude that factual issues must be resolved in order to determine whether the public's right-of-way over the road has indeed been abandoned.

However, upon searching the record pursuant to our power under CPLR 3212 (b) *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 111; *W.W.W. Assocs. v Giancontieri,* 152 AD2d 333; *Schleich v Gruber,* 133 AD2d 224; *Fertico Belgium v Phosphate Chems. Export Assn.,* 100 AD2d 165), we conclude that summary judgment must be granted to NCI against the plaintiff. The language in the 1970 deed, quoted above, clearly grants to NCI all the plaintiff's "right, title and interest, if any * * * in and to any streets abutting" the lands sold to NCI. This constitutes an express grant of a private easement over the subject road, independent of any public right-of-way. Moreover, the road is depicted on a map which a surveyor prepared on behalf of the plaintiff. The plaintiff provided NCI of a copy of that map at the time the property was conveyed *(see,* 5 Warren's Weed, New York Real Property, Streets and Highways, §§ 9.01-9.04 [4th ed]).

We further note that the plaintiff's reference, in his affidavit in support of his motion for summary judgment, to correspondence in 1971 between himself and NCI, is of no import since parol evidence is inadmissible to explain, vary or contradict a deed which is clear and unambiguous *(see, Loch Sheldrake Assocs. v Evans,* 306 NY 297; *Mercury Bay Boating Club v San Diego Yacht Club,* 150 AD2d 82, 90). The language in the deed is a grant to NCI of an easement *(see, Antonopulos v Postal Tel. Cable Co.,* 261 App Div 564, 566; 2 Warren's Weed, New York Real Property, Easements, §§ 3.01-3.02 [4th ed]). Kunzeman, J. P., Kooper, Sullivan and O'Brien, JJ., concur.