OPINION OF THE COURT
John L. Murad, J.
This case requires the court to determine when a highway easement becomes abandoned. Stated from another perspective, the question becomes: when does a landowner resume the right to exclude the public from a roadway obtained by easement?
*448 Many years ago, the Town of Trenton obtained an easement for a highway across plaintiff’s property. Between 1850 and 1965, the State of New York took over the maintenance of the road which ran between the Village of Prospect to the west, and the Hamlet of Hinckley to the east. Plaintiff’s property straddles approximately one mile of the road that ultimately became known as Old State Route 287. In 1967, the traffic on Old State Route 287 was rerouted to the newly built State Route 365. Sometime around 1969, the State erected steel barricades across the roadbed of Old State Route 287 on either end of plaintiff’s property. (The barricade on the Prospect end of the old road was outside plaintiff’s property line, and a few years ago the Village of Prospect moved the westerly barricade aside to dig a well. Plaintiff then erected a gate and wire mesh to block the entire road on her westerly boundary line.)
The State discontinued maintaining the old State road, and the maintenance was turned over to the Town of Trenton by Resolution No. 126 of the Oneida County Board of Supervisors dated July 13, 1966. Although the Town continued to maintain the Hinckley and Prospect ends of the old State road, it altogether ceased to maintain the road between the State-erected barricades.
After the road was barricaded, vehicular traffic became minimal over that portion of the old road going through plaintiff’s property. During hunting season, local hunters sometimes drove their vehicles around the barricades, parked at a sandpit, and went hunting. For a two-year period ending December 30, 1989, plaintiff had a permit to excavate sand and gravel on her property, and allowed trucks to enter and leave by going around the barricade, through a gate, on the Hinckley end of her property.
According to the submitted affidavits of some local residents, after the road was barricaded to vehicular traffic they used the old road for jogging, walking, bicycling, snowmobiling, driving all-terrain vehicles and skiing. Children rode their bikes over the old road to avoid the traffic along Route 365. One resident took his daughter on motorcycle rides up and down the road between the two villages. To use the old road through plaintiff s property one was required to go off the tarmac and around the barricades or gate. In the winter months the barricaded portion of the road was not plowed, and some of the townspeople went around the barricades or gate to ski and snowmobile over the old road on plaintiff’s property. They primarily entered from the Prospect end, and typically did not travel the entire *449 length of the road on plaintiff's property; rather, at some point before coming upon plaintiffs house and barn, they scattered over the fields and meadows, and picked up a snowmobile trail down toward Route 365.
Certain local residents contend that in the last few years before commencement of this action, they rarely could use the old road between the barricades because plaintiff threatened to have them arrested for trespass, and her dogs chased or bit their children.
In his pretrial deposition, the Town Supervisor of the Town of Trenton stated that their Consérvation Council had proposed an eventual Town-wide trail system that would connect Hinckley to Holland Patent through a network system of hiking-walking trails using some of the old abandoned roads, old railroad lines, and State right-of-ways along the feeder canal. He stated, "If there was a trail from Hinckley to Prospect, that [the old road] would fall into place nicely. Our concern there is to keep people off of 365.” He also said he discussed this use of the old road with plaintiff but she opposed it. Plaintiff stated in her deposition testimony that in the last few years, "[t]he snowmobilers and skiers never use the road. They use the meadows.” There is no indication that the Conservation Council’s proposed trail system has been adopted by the Town or other governmental entity.
In 1994, plaintiff brought this action seeking: (1) a declaratory judgment clearing her title to that portion of her property previously subjected to the easement for a public highway; (2) a permanent injunction against the Town of Trenton and all others from trespassing on her property and destroying her quiet enjoyment of her land; and, (3) an order directing the Town Supervisor of the Town of Trenton to file an abandonment of the public highway. The Town of Trenton interposed an answer denying plaintiff’s allegations and requested dismissal of the complaint. The defendant State of New York neither admitted nor denied the allegations, claiming they have no interest in the subject property.
Plaintiff now moves for summary judgment for the relief requested in her complaint. Defendant Town of Trenton cross-moves for summary judgment: (1) dismissing plaintiff’s complaint; (2) declaring Old State Route 287 to be a town highway; and, (3) directing plaintiff to remove all barricades and other devices obstructing travel along Old State Route 287.
Both parties agree that the resolution of this matter is governed by the language of section 205 of the Highway Law. *450 Section 205 provides (in pertinent part): "1. * * * and every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway, and every public right of way that shall not have been used for said period shall be deemed abandoned as a right-of-way.”
Once a road becomes a highway, it remains such until the contrary is shown. (Matter of Flack v Strack, 98 AD2d 881 [3d Dept 1983].) The burden of proving abandonment of a highway rests with the party asserting the abandonment; in this case, the plaintiff. (Matter of Flack v Strack, supra.) A highway does not cease to be a highway merely because the Town failed to service it (Hewitt v Town of Scipio, 32 AD2d 734 [4th Dept 1969], affd 26 NY2d 934); nor is it relevant whether the Town intended an abandonment. (Daetsch v Taber, 149 AD2d 864 [3d Dept 1989].) The substantive facts of nonuser establish abandonment. (Daetsch v Taber, supra.) Old State Route 287 remains a highway unless plaintiff proves to the contrary, that it has been abandoned.
Plaintiffs moving papers make a prima facie showing that the old road running through her property has not "been traveled or used as a highway for six years.” The photographs and deposition testimony submitted in support of plaintiffs motion show that the barricades and gates completely blocked and obstructed the traveled portion of the road. (Compare, Shipston v City of Niagara Falls, 187 App Div 421 [4th Dept 1919]; Holland v Superintendent of Highways of Town of Smithtown, 73 Misc 2d 851 [Sup Ct, Nassau County 1973].) Unlike the blockage in Mangam v Village of Sing Sing (26 App Div 464 [2d Dept 1898]), where the pathway was merely narrowed, the barricades / gate at either end of plaintiffs property completely blocked the line of travel. Justice Cardozo, writing for the Court of Appeals, explained: "We have held that an unobstructed sidewalk may preserve a highway, though vehicles are barred (Mangam v. Village of Sing Sing, 26 App. Div. 464, 467; affd., on opinion below, 164 N. Y. 560). But travel in such cases proceeded along defined and constant lines. The pathway was narrowed, but it was used as streets are used. That is not the situation here. There may have been a use, but not a use 'as a highway.’ If a pole or a fence had been placed across the road, pedestrians might have clambered under or over, and made their way to the tracks. Use 'as a highway’ involves something more. Travel must proceed, in forms reasonably normal, along the lines of an existing street” (Town of Leray v New York Cent. R. R. Co., 226 NY 109, 113 [1919]).
*451 Defendant contends the road is in good condition, and is therefore passable, and only partially obstructed. The defendant Town does not explain how the road is only partially obstructed. An obstruction need not totally and absolutely frustrate pedestrians from passing over or around it. (Town of Leray v New York Cent. R. R. Co., supra, at 113.) While the definition of a highway includes the necessary sluices, drains, ditches, waterways, embankments, retaining walls and some culverts (Highway Law § 2 [4]), normal highway travel does not traverse over embankments, into ditches, or under culverts. Normal travel follows the "lines of the ancient street.” (Town of Leray v New York Cent. R. R. Co., supra, at 113.) The photographs submitted with plaintiff’s moving papers clearly show the easterly barricade and the plaintiff’s easterly gate extend out further than the tarmac, and completely obstructed the normally traveled "lines of the ancient street.” The posts of the original westerly barricade are also located outside the tarmac. The obstructions leave no portion of the road surface available for use as a sidewalk or path for pedestrians. Rather, the road at the obstructions is bordered by unkempt weeds. Furthermore, the most numerous users of the road, the skiers and snowmobilers, failed to follow the "lines of the ancient street” when they scattered over the fields and meadows upon plaintiff’s property to avoid going near plaintiff’s home and "causing trouble.” (See, Town of Leray v New York Cent. R. R. Co., supra.)
Plaintiff has met her burden of establishing the old road passing through her property has been abandoned for six or more years by the submission of evidence in admissible form. In order to defeat plaintiff’s entitlement to summary judgment, defendant is required to demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action. (Zuckerman v City of New York, 49 NY2d 557 [1980].)
In support of its opposition to plaintiff’s motion, and in support of its cross motion for summary judgment, defendant Town of Trenton contends that the "fact that these persons had to deviate from the actual road because of the plaintiff’s barricade near her house is irrelevant to any issue in this case.” (Affidavit of Thomas P. Hughes 4.) This is a question of law that the court has determined in plaintiff’s favor. Defendant’s opposing papers imply there is a factual dispute as to who erected the barricades. Even if the barricades were not erected by the State, but were wrongfully erected by plaintiff, the highway remained closed for in excess of six years with the *452 acquiescence of the public, and hence the public right has been extinguished. (Barnes v Midland R. R. Term. Co., 218 NY 91, 98 [1916].) Lastly, the transcript of plaintiff’s deposition testimony submitted by defendant does nothing more than buttress plaintiffs contentions.
Plaintiff is entitled to the relief requested in her summary judgment motion, without costs; and, for the reasons plaintiff is entitled to judgment, the defendant’s cross motion is denied.