■ KEITH LEONARD, Individually and as Executor of LINDA M. LEONARD, Deceased, Respondent, v UNISYS CORPORATION et al., Appellants-Respondents, and HUMAN FACTOR TECHNOLOGIES, INC., Respondent-Appellant. [656 NYS2d 495] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Harris, J.), entered October 26, 1995 in Albany County, which, inter alia, denied defendants' motions to set aside the verdict, and (2) from a judgment of said court, entered November 27, 1995 in Albany County, upon a verdict rendered in favor of plaintiffs.

Defendants raise the following questions on this appeal: (1) the adequacy of Supreme Court's jury charge relative to the apportionment of fault and its instructions regarding workers' compensation and disability benefits, (2) the court's ruling denying certain defendants indemnification against defendant Human Factor Technologies, Inc. (hereinafter HFT), (3) excessiveness of the jury awards for pain and suffering and loss of consortium, (4) the inconsistency of the jury's verdict, and (5) error in evidentiary rulings. The appeal stems from a fall by Linda M. Leonard in May 1987 when the back support of the chair she was using at work broke, causing her to fall backwards onto the floor, severely injuring her back and allegedly complicating her preexisting back problems. Defendants include Leonard's employer—the Department of Motor Vehicles (hereinafter DMV)—and HFT, which imported the chair and sold it to defendant Burroughs Corporation. Burroughs, in turn, sold the chair to DMV in May 1986, which HFT shipped directly to DMV in June 1986 pursuant to an agreement between Burroughs and HFT. During the time of the sale of the chair, a division of Burroughs was being sold to

defendant Standard Register Company. Burroughs ceased to exist as a corporate entity in 1987 and defendant Unisys Corporation became its successor. DMV returned the broken chair—and five other chairs which had been purchased simultaneously—to HFT, indicating Leonard's fall and notifying HFT that a plastic stopper necessary to the chair's stability had fallen off all six chairs. HFT refunded Unisys for the return of the six chairs and Standard refunded DMV.

Leonard returned to work full time on June 29, 1987 but, due to continuing back pain which was exacerbated by lifting a stack of computer paper, she left permanently in June 1989. She had back surgery in October 1989 which failed to alleviate her pain. In March 1990, Leonard and plaintiff commenced this lawsuit sounding in negligence, strict products liability, breach of implied and express warranties and misrepresentation against Burroughs, Unisys and Standard (hereinafter collectively referred to as defendants) and HFT. HFT cross-claimed against defendants for indemnification and/or contribution. Defendants similarly cross-claimed against HFT.

A trial ensued in June 1995. The jury found, in answer to interrogatories submitted to them, that (1) HFT, Burroughs and Standard were strictly liable based on strict products liability, (2) neither defendants nor HFT had breached the implied warranty of merchantability, (3) defendants were not guilty of negligence, (4) HFT's negligence was not a substantial factor in Leonard's injuries, and (5) HFT was 50% at fault and Burroughs and Standard were each 25% at fault for Leonard's injuries. The jury awarded Leonard $1,016,000 for past pain and suffering and $508,000 for future pain and suffering (based on her life expectancy of four years from the date of the verdict).[1] Plaintiff was awarded $176,000 for past loss of consortium.

Supreme Court granted the motion by Leonard and plaintiff for a directed verdict against Unisys, previously reserved, finding that Unisys was liable by reason of being a successor to Burroughs by merger. The court granted the cross claim by defendants for indemnification from HFT for the total jury award, as well as the renewed motion by Leonard and plaintiff for a directed verdict against all defendants on the implied warranty of merchantability claim. The indemnity ruling was vacated by decision dated October 24, 1995 and the jury's apportionment of liability was reinstated by judgment entered November 27, 1995. The court ruled that a party found liable

1. The record disclosed that Leonard had been diagnosed with metastatic breast cancer in September 1991.

by reason of strict products liability is precluded from obtaining common-law indemnity.

After reducing the jury award by collateral sources, judgment was entered against defendants and HFT, jointly and severally, on the causes of action for strict products liability and breach of implied warranty of merchantability.[2] Defendants appeal from the October 24, 1995 order vacating Supreme Court's original indemnity order in favor of defendants against HFT and the November 27, 1995 judgment. HFT appeals from the judgment entered November 27, 1995.

Addressing the allegations of error, we first address defendants' challenge to the adequacy of Supreme Court's instruction to the jury on the delineation of percentage of total fault between defendants and HFT. The jury was instructed that total fault meant "regardless as to whether [such fault] was [by reason of] strict products liability, breach of implied warranty of merchantability, or negligence, or a combination thereof". The record discloses that defendants failed to preserve this issue for our review by not entering any objection to the final format of the verdict sheet as to apportionment and also in not challenging the court's instruction on the issue. Further, after the jury verdict was returned, defendants did not seek clarification of the verdict rendered. In view thereof, we deem the question of improper instruction by the court unpreserved and decline to address it (*see, Osborne v Schoenborn*, 216 AD2d 810, 811; *see also*, CPLR 5501 [a] [3]).

Next we address Supreme Court's denial of the cross motion by defendants to set aside the verdict as to apportionment and, alternatively, to set it aside as against the weight of evidence. Defendants argue that they were not actively responsible for any of the alleged theories of strict liability. On the record, we find that it is impossible to determine which of the three theories of fault underlying strict products liability (i.e., defective design, defective assembly or failure to warn) the jury found relevant as to defendants. It is impossible to determine from the state of the record if defendants were found not to be "actively" responsible insofar as the verdict sheet failed to elicit such information. In view of defendants' failure to request clarification after the verdict was rendered regarding the specific theory of strict liability that the jury found persuasive, we deem the question waived and decline to consider it. Nor can we say that the verdict could not have been reached on any fair interpretation of the evidence. We thus find it not to

---

2. Supreme Court corrected a mathematical error of $10,000 in the jury verdict sheet when awarding the total amount of past damages to Leonard.

be against the weight of the evidence (see, *Lolik v Big V Supermarkets*, 86 NY2d 744, 747).

On the issue of Supreme Court's October 24, 1995 indemnity ruling, defendants, conceding that no contractual indemnity is applicable versus HFT, nonetheless press their entitlement to indemnity from HFT on the basis of equity. It is urged that equity demands indemnification from HFT to prevent HFT's unjust enrichment in that HFT is the primary culprit in Leonard's injury. The logic of the argument unfortunately disintegrates in view of the indefiniteness of the basis for the jury's verdict which was neither properly objected to nor clarified. Insofar as it is conceded that defendants are not entitled to contractual indemnity and because it is unclear which theory of liability the jury found persuasive, Supreme Court correctly denied defendants indemnification from HFT.

We find without merit the contention that the verdict for past pain and suffering and future pain and suffering is excessive. The standard by which a verdict is to be measured as to excessiveness is set out in CPLR 5501 (c). The contention of excessiveness raises the question—does the verdict deviate materially from what would be reasonable compensation? Defendants and HFT urge that the verdict is based on sympathy and that the jury's verdict ignores the charge to only compensate Leonard for injuries caused by her fall. They also claim that the award for future pain and suffering is excessive because Leonard died eight months after the award and never reached the four-year life expectancy testified to at trial. We do not find any of these arguments to be persuasive.

Before the accident, Leonard was a vibrant, hard-working woman. She actively worked a turkey farm with her husband, doing difficult manual labor, and she was a devoted firefighter who served as an emergency medical technician, responding to 75% of fire calls. She was socially active in her church, as a parishioner and teacher in the 4-H program. She gardened and canned food, mowed her three acres of land with a push mower, went hunting and fishing with plaintiff and was the primary caretaker for her grandmother. The fall left Leonard greatly debilitated because of unremitting pain in her shoulder, back and hip which required painkillers, therapy and frequent bed rest. All her activities virtually ceased. The impact of the injury on her life was profound and devastating. During her back surgery, a fracture of the lumbar spine in the facet joint was discovered which was attributed, in all likelihood, to the fall. In view of her serious and grave injury, we find that the award for past pain and suffering was not excessive (*compare,*

*Walsh v State of New York*, 232 AD2d 939, 940; *Eschberger v Consolidated Rail Corp.*, 174 AD2d 983, 984-985, *lv denied* 79 NY2d 752, *cert denied* 503 US 1011; *Kirschhoffer v Van Dyke*, 173 AD2d 7, 10-11). We decline, as well, the requests to reduce the award for future pain and suffering because of Leonard's premature death. There is no legal basis to do so and none was cited by defendants or HFT.

We find, as well, that the derivative award does not deviate materially from what would be reasonable compensation (*see, e.g., Walsh v State of New York, supra*, at 940). Plaintiff lost the companionship which he had shared with Leonard in all phases of a busy and active life due to her injury. Plaintiff and the children were forced to take up the duties that Leonard had once fulfilled as farmer, housekeeper, cook, caretaker of the family and good companion to her spouse. The loss indeed was grave, supporting the value placed on it by the jury.

Defendants' request for a new trial on the basis of an inconsistent verdict is likewise rejected. This argument is based on the jury's award to Leonard for the expenses of future rehabilitation for $5^1/_2$ years while granting her an award for future pain and suffering based on a four-year life expectancy. When a verdict is inconsistent it can only be remedied by the trial court's order to the jury to reconsider the inconsistency or by the grant of a new trial (*see,* CPLR 4111 [c]). Absent a timely motion for clarification when the verdict was returned, followed by the failure to preserve the issue by posttrial motion to set aside the verdict (*see, Grzesiak v General Elec. Co.*, 68 NY2d 937, 938-939; *cf., Mars Assocs. v New York City Educ. Constr. Fund*, 126 AD2d 178, 189, *appeal dismissed* 70 NY2d 747), we are foreclosed from consideration of the issue on appeal. The request for a new trial is denied.

We have considered defendants' challenges to various evidentiary rulings and find them to be without merit and, in any event, harmless (*see,* CPLR 2002). As to Supreme Court's charge as to disability benefits and workers' compensation, we find the instruction to be essentially in accordance with the Pattern Jury Instructions (*see,* PJI 1:65.1 [1996 Supp]); no error was committed in this regard.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment are affirmed, without costs.

