■ In the Matter of HENRIETTA SMIGEL, Respondent, v TOWN OF RENSSELAERVILLE et al., Appellants. [725 NYS2d 138] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered June 6, 2000 in Albany County, which granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia*, annul a determination of the Town Board of the Town of Rensselaerville which refused to deem a public road abandoned.

Petitioner is the owner of land bordering the Camp Winsocki Road (hereinafter the road) located in respondent Town of Rensselaerville in Albany County, having acquired title to the property in 1986. In December 1995, petitioner requested that respondents abandon a portion of the road which she had barricaded at both ends in 1986, and which respondent Town Supervisor admitted had not been maintained by respondents for at least 20 years. Her request was continued for further study by the Town Board of the Town of Rensselaerville. In October 1999, petitioner and another petitioned respondents "to abandon a portion of its present easement to [the road]." In January 2000, after a public hearing, respondents refused to abandon the road and passed a resolution finding that the road had not been abandoned through disuse, ordering petitioner to remove all of her barricades, and making the road a seasonal road to be maintained from April 1 to December 1.

In January 2000, petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking a judgment clearing her title "as to the portion of her property previously subjected to an easement for the highway," injunctive relief prohibiting respondents from removing her barriers on the road and trespassing on her property and an order directing respondents to file a certification of abandonment. Respondents answered, asserting that the petition/complaint failed to state a cause of action.

The parties submitted numerous affidavits and documentary

evidence in support of their respective positions and, in April 2000, Supreme Court determined that because no photographs had been submitted by either party, the matter could not be summarily decided, and it therefore set a hearing date to determine whether recreational travel "follows the 'lines of the ancient street.'" When the parties appeared on the scheduled hearing date, they were informed that the hearing had been canceled and were directed to leave any photographs that they had with the court for review. Both parties submitted photographs depicting the present condition of the road.* On May 26, 2000, Supreme Court granted the petition/complaint and declared the road to be abandoned. Respondents appeal and we reverse.

Highway Law § 205 (1) provides, in relevant part, that "every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway." Once a highway exists, it is presumed to continue until the contrary is demonstrated and the presumption is in favor of continuance (see, City of Cohoes v Delaware & Hudson Canal Co., 134 NY 397, 407; Matter of Van Aken v Town of Roxbury, 211 AD2d 863, 865, lv denied 85 NY2d 812). The burden of establishing abandonment is on the party claiming that the highway has been abandoned (see, Matter of Faigle v Macumber, 169 AD2d 914, 915). In that regard, a municipality's intention regarding a road is irrelevant (see, Daetsch v Taber, 149 AD2d 864, 865) and its failure to maintain a road does not mean that the road ceases to be a highway (see, O'Leary v Town of Trenton, 172 Misc 2d 447, 450). A determination of abandonment of a road by nonuse is a factual determination (see, e.g., Coleman v Village of Head of Harbor, 163 AD2d 456, 458, lv denied 76 NY2d 768; Holland v Superintendent of Highways of Town of Smithtown, 73 Misc 2d 851, 852).

It is undisputed that respondents never filed a certificate of abandonment to officially abandon the road. Likewise, it is clear that respondents did not maintain the road nor had the road been used by motor vehicles for more than the statutory six-year period. The narrow question left to be decided after submission of the photographs was framed by Supreme Court as follows: "[i]f the road entrance has been obstructed, and it is unpaved and overgrown with weeds, trees, bushes and shrubs, as claimed by petitioner, making travel along the 'lines of the

---

* Although there was no hearing at which a foundation for the photographs reviewed by Supreme Court could be established, the parties entered into a stipulation regarding the photographs and they are properly included in the record on appeal.

ancient street' improbable, then even the most active recreational and seasonal use propounded by [respondents], that of snowmobilers, hikers, and bicyclists, would fall short of being highway use" (citing *O'Leary v Town of Trenton, supra,* at 451; *Holland v Superintendent of Highways of Town of Smithtown, supra,* at 853).

We find that Supreme Court correctly set forth the applicable law regarding abandonment of a highway through nonuse. After reviewing the photographs submitted by the parties, Supreme Court made the factual determination that the "photographs reveal many years of non-use as a highway" and "it is apparent that the road entrance has often been obstructed, preventing travel along the 'lines of the ancient street,'" and summarily granted the relief sought by petitioner. We agree that the photographs show a number of barricades located at various points along the unpaved road, but they also show an ancient road, not overgrown with weeds, trees, bushes or shrubs, but clearly discernible, and not "virtually indistinguishable from the surrounding wooded area" (*Matter of Faigle v Macumber, supra,* at 916). Indeed, the pictures appear to depict a clearly defined, unpaved roadway through an area overgrown with brush and thick woods on both sides, precluding travel other than on the road, except with extreme difficulty. Our review of the photographs suggests to us that travel over this road by such disparate groups as snowmobilers, bicyclists, cross-country skiers and pedestrians would follow "along the lines of an existing street" (*Town of Leray v New York Cent. R. R. Co.,* 226 NY 109, 113). Moreover, respondents' submissions reflect that although petitioner had barricaded the road on a number of occasions, those obstructions were either removed or knocked down so as to access its year-round recreational use. Therefore, the recreational uses found by Supreme Court may be sufficient to preclude a finding of abandonment of the road by nonuse. In our opinion, summary judgment should not have been granted in this matter in the absence of clarifying testimony as to the condition and use of the roadway.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.