■ GEORGE M. CIARELLI et al., Respondents, v CHRISTOPHER LYNCH et al., Appellants. [803 NYS2d 236]—

Mercure, J. Appeals (1) from a judgment of the Supreme Court (Malone, Jr., J.), entered October 25, 2004 in Schoharie County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered October 19, 2004 in Schoharie County, which denied defendants' motion to set aside the verdict.

In 2001, plaintiffs purchased their property from Rhoda Abrams, who had acquired it in 1956. Abrams claimed that upon acquiring the property, she blocked access to an old road leading to defendants' now otherwise land-locked property until 2001, when defendants began using the road. Plaintiffs commenced this action to quiet title to the old road and asserted that defendants had trespassed on their property. In their bill of particulars, plaintiffs asserted that Abrams had taken steps to adversely possess the road. Defendants counterclaimed, seeking to enjoin plaintiffs from blocking the road and alleging that it was accessible to them as a public highway or, alternatively, via an easement. Following a trial, the jury found for plaintiffs based on an issue that had not been pleaded or litigated, determining that Abrams had purchased the property without actual or constructive notice of any easement, thereby extinguishing the easement. Supreme Court denied defendants' subsequent motion to set aside the verdict and, thereafter, judgment was entered for plaintiffs.

Upon appeal, defendants assert that Supreme Court committed reversible error in charging the jury that an easement is extinguished when a bona fide purchaser takes title without notice of the easement (see generally Russell v Perrone, 301 AD2d 835, 836 [2003], amended 1 AD3d 789 [2003]), because plaintiffs did not assert extinguishment by conveyance in their pleadings or introduce evidence regarding the theory at trial. Defendants argue that they were unfairly surprised by Supreme Court's sua sponte introduction of the issue into the case at the time it charged the jury. They maintain that insertion of the charge in this manner confused the jury, as evidenced by an inconsistency

in the verdict.* As such, defendants contend that the claimed error is fundamental. We agree.

Although defendants excepted to the charge regarding extinguishment by conveyance on the ground that it was an incorrect statement of the law, a position they have now abandoned, they failed to advance the argument now raised on appeal—that they were surprised by the charge—before the jury retired to consider the verdict (*see Bichler v Lilly & Co.*, 55 NY2d 571, 583-584 [1982]; *Ellsworth v Chan*, 270 AD2d 811, 811-812 [2000], *lv denied* 95 NY2d 757 [2000]; *Liebgott v City of New York*, 213 AD2d 606, 606 [1995]; *Nelson v City of New Rochelle*, 154 AD2d 661, 661 [1989]; *see also* 1 Newman, New York Appellate Practice § 2.05 [6], at 2-66-2-67 [2004]). Nor did defendants seek clarification of the verdict despite Supreme Court's stated concerns that the verdict was inconsistent and that a new trial might be necessary (*see Leonard v Unisys Corp.*, 238 AD2d 747, 749 [1997]). Thus, defendants failed to preserve the precise issue presented for our review by appropriate request or exception (*see* CPLR 4110-b; *De Long v County of Erie*, 60 NY2d 296, 306 [1983]; Weinstein-Korn-Miller, NY Civ Prac ¶¶ 4017.06, 4110-b.03).

Nevertheless, this Court has the discretion to order a new trial upon an unpreserved error in a jury instruction when that error is " 'so significant that the jury was prevented from fairly considering the issues at trial' " (*Pyptiuk v Kramer*, 295 AD2d 768, 771 [2002], quoting *Kilburn v Acands, Inc.*, 187 AD2d 988, 989 [1992]; *see* CPLR 4404 [a]; *Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381 [1976]; *Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]). In our view, defendants were unfairly surprised and prejudiced by Supreme Court's instruction inasmuch as plaintiffs did not plead extinguishment by conveyance or otherwise address the issue, neither party requested that the jury be instructed on the issue and Supreme Court did not alert the parties that it intended to give the charge before doing so (*see Graham v Murphy*, 135 AD2d 326, 328-329 [1988]). Notably, the only interrogatory that the jury answered in favor of plaintiffs was the one concerning extinguishment by conveyance, illustrating that the issue was critical to the case. The inconsistent verdict—finding both that any easement had been extinguished and that it still existed—demonstrates that the court's sua sponte delivery of the charge confused the jury,

---

* Specifically, while the jury found that Abrams had no notice of the easement and, thus, the easement was extinguished, it nevertheless determined that defendants possessed that easement and that plaintiffs had notice of the easement when they took title to the property.

affected the verdict and precluded fair consideration of the central issues presented. Accordingly, we conclude that the error was fundamental and a new trial is warranted in the interest of justice (*see Bjelicic v Lynned Realty Corp.*, 152 AD2d 151, 154 [1989], *appeal dismissed* 75 NY2d 947 [1990]; *Decker v Rassaert*, 131 AD2d 626, 627 [1987]; *see also Kilburn v Acands, Inc., supra* at 989; *cf. Curanovic v New York Cent. Mut. Fire Ins. Co.*, 22 AD3d 975 [2005] [decided herewith]; *Pyptiuk v Kramer, supra* at 771).

We reject, however, defendants' request that we direct that the new trial be limited in scope (*see generally Enden v Nationwide Mut. Ins. Co.*, 251 AD2d 283, 283 [1998]; *Ceravole v Giglio*, 186 AD2d 170, 170-171 [1992]) to effectively preclude plaintiffs from amending their pleadings to assert the defenses of extinguishment by conveyance and adverse possession to defendants' counterclaim. Defendants assert that introduction of these theories would prejudice them by requiring the reopening of discovery. We note, however, that "[m]erely because the amendment [of the pleadings] may require defendants to conduct additional discovery does not, alone, constitute sufficient grounds to justify denial of the motion" (*Garrison v Clark Mun. Equip.*, 239 AD2d 742, 743 [1997]). Thus, we decline to limit the scope of the new trial and leave the decision of whether to allow the amendment of the pleadings to the trial court's sound discretion (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). Finally, defendants' remaining contentions are either rendered academic by our decision, unsupported by the record or otherwise lacking in merit.

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are reversed, as a matter of discretion in the interest of justice, motion to set aside the verdict granted, and matter remitted for a new trial, with costs to abide the event.