GEORGE M. CIARELLI et al., Appellants, v CHRISTOPHER LYNCH et al., Respondents. [892 NYS2d 655]—

Mercure, J.P.

This appeal marks the third occasion that the present action has been before us, and the underlying facts are more fully set out in our prior decisions (*Ciarelli v Lynch*, 46 AD3d 1039 [2007]; *Ciarelli v Lynch*, 22 AD3d 987 [2005]). Briefly put, this action involves a dispute as to whether defendants are entitled to use a road that traverses property owned by plaintiffs in the Town of Gilboa, Schoharie County. Defendants assert that the road is a public highway or, in the alternative, that they have an easement over it.

A trial was held in the matter and, upon the initial appeal, we reversed the denial by Supreme Court (Malone Jr., J.) of defendants' motion to set aside the verdict and remitted for further proceedings (22 AD3d at 988-990). As the date for the retrial loomed, defendants moved and plaintiffs cross-moved for summary judgment. The parties then stipulated that, in lieu of a retrial, the trial court would decide the motions and resolve any disputed factual issues in "a trial by submission" using the original trial transcript. Supreme Court (McDonough, J.) granted defendants' motion to the extent of dismissing the complaint and awarding them judgment on certain of their counterclaims, and plaintiffs appeal.

While Supreme Court's determination resolved the parties' summary judgment motions, it amounted to a nonjury trial on the papers before it, given the parties' stipulation; thus, we will independently review the evidence presented and grant judgment as warranted by the record (*see Sherwood v Brock*, 65 AD3d 738, 738-739 [2009]; *Haber v Gutmann*, 64 AD3d 1106, 1107 [2009], *lv denied* 13 NY3d 711 [2009]). No deference is due to Supreme Court's credibility determinations in this case, as such were based solely upon submitted papers rather than live testimony (*see Wolf v Holyoke Mut. Ins. Co.*, 3 AD3d 660, 660 [2004]; *Bauer v Goodrich & Sherwood Assoc.*, 304 AD2d 957, 958 [2003]). Nevertheless, we agree with Supreme Court that the road constitutes a public highway.

Defendants produced the affidavit and testimony of Steven

Sibbern, a surveyor who conducted an extensive review of available maps and deeds, as well as a field investigation, in an effort to identify the road in question. Sibbern found that deeds of nearby parcels contained numerous references to a road named Lansing Turnpike and related features such as a tollhouse and tollgate, and he additionally noted the turnpike's presence on various maps from the 1850s onward. Sibbern opined that the road running over plaintiffs' parcel was Lansing Turnpike and that, given the above facts and the evident quality of the road's construction, it was a public highway that had existed for at least 150 years. Another surveyor, who had surveyed an adjacent parcel bounded by the road, noted its existence and stated that, in his opinion, the road's construction was consistent with that of a public highway in the 1800s. Plaintiffs' title expert also admitted that the road may have been a public highway at one point, and their predecessor in title believed that it had been a toll road.[1] This evidence amply established that the road running over plaintiffs' parcel was a public highway.

Plaintiffs also contend that the road was abandoned through nonuse. A public highway will be deemed abandoned if it has not "been traveled or used as a highway for six years" (Highway Law § 205 [1]; *see Curtis v Town of Galway*, 50 AD3d 1370, 1371 [2008]). The burden of demonstrating abandonment rests with plaintiffs, as "it has long been settled that once a road becomes a public highway, 'it is presumed to continue until it is shown to exist no longer'" (*Curtis v Town of Galway*, 50 AD3d at 1371, quoting *City of Cohoes v Delaware & Hudson Canal Co.*, 134 NY 397, 407 [1892]; *see Matter of Smigel v Town of Rensselaerville*, 283 AD2d 863, 864 [2001]). While the Town does not consider the road to be a Town highway and has not maintained it, "a municipality's intention regarding a road is irrelevant and its failure to maintain a road does not mean that the road ceases to be a highway" (*Matter of Smigel v Town of Rensselaerville*, 283 AD2d at 864 [citation omitted]; *see Daetsch v Taber*, 149 AD2d 864, 865 [1989]). Instead, the relevant inquiry is whether travel on the road, whether by vehicle or on foot, continued to occur "in forms reasonably normal, along the lines of an existing street" (*Town of Leray v New York Cent. R.R. Co.*, 226 NY 109, 113 [1919]; *see Matter of Smigel v Town of Rensselaerville*, 283 AD2d at 865; *Matter of Faigle v Macumber*, 169 AD2d 914, 916 [1991]).

---

**1.** A toll road or turnpike, privately owned or not, is a public highway if the general public has a right of passage over it (*see Sun Print. & Publ. Assn. v Mayor of City of N.Y.*, 152 NY 257, 265-266 [1897]; *Fox v Union Turnpike Co.*, 59 App Div 363, 366-367 [1901]; *see also People v County of Westchester*, 282 NY 224, 228 [1940]).

Photographs of the road show it to be in relatively good condition, and it would be readily accessible had plaintiffs not obstructed its path (*see Matter of Smigel v Town of Rensselaerville*, 283 AD2d at 864-865). The road has been repaired or maintained by various individuals over the years to ensure that vehicles could use it, and the Town installed a culvert along it. It has also routinely carried both motorized and pedestrian traffic for logging, hiking, camping and hunting. Plaintiffs claim that the entrance to the road was frequently blocked and attempted to minimize the use of the road as permissive. The frequency with which the road was actually blocked by a locked gate or cable, however, is open to question. Indeed, plaintiffs' predecessor in title admitted that the gate was so rotted that it repeatedly fell down of its own accord.[2] She further stated that individuals had used the road without her permission over the years, sometimes breaking the lock on the gate or cable to do so, that others could have used the road without her knowledge given her occasional occupancy of the premises, and that she did nothing to physically prevent defendants from accessing their property despite her belief that they were trespassing. Supreme Court thus appropriately determined that plaintiffs had failed to meet their burden of showing that the road had been abandoned.

As the evidence established that the road was a public highway, we need not reach the various arguments advanced by the parties regarding the existence of a private easement over it.

Peters, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** The actions of plaintiffs' predecessor in title are vital to their abandonment argument, as this action was commenced less than two months after they acquired the property.