(August 31, 2016)

■ DANDOMAR COMPANY, LLC, Appellant, v TOWN OF PLEASANT VALLEY TOWN BOARD et al., Respondents. [37 NYS3d 292]—

In an action pursuant to Highway Law § 205 for a declaratory judgment, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated May 19, 2014, which denied its motion for summary judgment, in effect, declaring that a certain segment of Tyrell Road is not an abandoned highway and granted the defendants' cross motion for summary judgment, in effect, declaring that the subject segment of Tyrell Road is an abandoned highway.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' cross motion for summary judgment, in effect, declaring that the subject segment of Tyrell Road is an abandoned highway, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

Tyrell Road is 2.65 miles long and located in the Town of Pleasant Valley, Dutchess County. This appeal concerns the alleged municipal abandonment of a 1.17-mile center segment (hereinafter the center segment) of Tyrell Road. In April 2008, the Town Board of the Town of Pleasant Valley (hereinafter the Town Board) adopted a resolution certifying that the center segment had been abandoned under Highway Law § 205 (1) based upon its nonuse and authorizing the Highway Superintendent to file a certificate of abandonment with the Town Clerk. In April 2009, the plaintiff filed a petition pursuant to CPLR article 78 seeking a judgment annulling the resolution and certificate, and directing the Town to maintain the entire road and remove any signs suggesting that the road was closed. On a prior appeal, this Court converted the first five causes of action of the petition into an action pursuant to Highway Law § 205 for a declaratory judgment, and remitted the matter to the Supreme Court, Dutchess County, for further proceedings on the merits of those causes of action (*see Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd.*, 86 AD3d 83 [2011]).

After the completion of discovery, the plaintiff moved for summary judgment, in effect, declaring that the center seg-

ment is not an abandoned highway under Highway Law § 205. The defendants opposed the plaintiff's motion and cross-moved for summary judgment, in effect, declaring that the center segment is an abandoned highway. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion on the ground that the defendants made an unrebutted prima facie showing that the center segment had not been used as a public highway within the meaning of Highway Law § 205 for six consecutive years. The plaintiff appeals.

Once a highway exists, it is presumed to continue until the contrary is demonstrated (*see City of Cohoes v Delaware & Hudson Canal Co.*, 134 NY 397, 407 [1892]; *Ciarelli v Lynch*, 69 AD3d 1008, 1010 [2010]; *Matter of Smigel v Town of Rensselaerville*, 283 AD2d 863, 864 [2001]; *Hewitt v Town of Scipio*, 32 AD2d 734, 734 [1969], *affd* 26 NY2d 934 [1970]). "It will be deemed abandoned, however, if it is not traveled or used as a public highway for six years" (*Curtis v Town of Galway*, 50 AD3d 1370, 1371 [2008]; *see* Highway Law § 205 [1]). To show use as a highway, there must be evidence that travel proceeds, in forms reasonably normal, along the lines of an existing street (*see Town of Leray v New York Cent. R.R. Co.*, 226 NY 109, 113 [1919]; *Matter of Smigel v Town of Rensselaerville*, 283 AD2d at 865; *Matter of Wills v Town of Orleans*, 236 AD2d 889, 890 [1997]; *Coleman v Village of Head of Harbor*, 163 AD2d 456, 458 [1990]). Automobile use is not determinative in assessing whether a road has been abandoned (*see Town of Leray v New York Cent. R.R. Co.*, 226 NY at 113; *Ciarelli v Lynch*, 69 AD3d at 1010). Indeed, evidence of frequent recreational activity may be sufficient to preclude a finding of abandonment (*see e.g. Matter of Smigel v Town of Rensselaerville*, 283 AD2d at 865).

Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law. It presented evidence that since at least 1983, the center segment has been recognized as a town road, that since the 1990s it has been included in the inventory of the Town's local roads reported to the State, and that it was regularly used by local residents for walking, biking, horseback riding, and other recreational activities. The plaintiff also provided photographs that were authenticated by the Highway Superintendent at his deposition which show that the center segment is a clearly defined, albeit unpaved, roadway (*see Matter of Smigel v Town of Rensselaerville*, 283 AD2d at 864; *Hewitt v Town of Scipio*, 32 AD2d 734 [1969]). In light of this evidence, and the legal presumption favoring the continuation of an existing roadway, the plaintiff made a prima facie showing that the center segment was not abandoned (*see Curtis v Town of Galway*, 50 AD3d at 1372).

In opposition, however, the defendants raised a triable issue of fact. The defendants presented evidence that, due to deteriorating conditions, the center segment is often impassable and that there are times when pedestrians and drivers must travel outside the existing lines of the road (*see Town of Leray v New York Cent. R.R. Co.*, 226 NY at 113). In addition, the defendants submitted evidence suggesting that the use of the center segment may be too limited and occasional to preclude a finding of abandonment (*see Abess v Rowland*, 13 AD3d 790, 792 [2004]; *Matter of Faigle v Macumber*, 169 AD2d 914, 915 [1991]; *Matter of County of Suffolk [Arved, Inc.]*, 63 AD2d 673, 674 [1978]). Accordingly, the plaintiff's motion for summary judgment was properly denied.

However, the Supreme Court should have denied the defendants' cross motion for summary judgment. The defendants did not meet their prima facie burden of establishing that the center segment was abandoned under Highway Law § 205 (*see De Cuyper v Gonzales*, 214 AD2d 764, 767 [1995]). Triable issues of fact exist as to the condition and use of the center segment (*see Matter of Smigel v Town of Rensselaerville*, 283 AD2d at 865; *Coleman v Village of Head of Harbor*, 163 AD2d at 458).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.